UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ACORN (THE NEW YORK ASSOCIATION OF
COMMUNITY ORGANIZATIONS FOR REFORM
NOW), DAPHNE ANDREWS, VIC DEVITA, VERNON
GHULLKIE, AND NATALIE GUERRIDO,

CV 05-2301 (JFB) (WDW)

                                                    Plaintiffs,

-against-

ANSWER TO AMENDED COMPLAINT

COUNTY OF NASSAU, INCORPORATED VILLAGE
OF GARDEN CITY, AND GARDEN CITY BOARD OF
TRUSTEES,

COURTESY COPY

                                                    Defendants.

ORIGINAL FILED BY ECF

DOCKET NUMBER

------------------------------------------------------------------------ x

The defendant, County of Nassau, by Lorna B. Goodman, its attorney, answering the plaintiffs' amended complaint, alleges as follows:

     1.     Denies the allegations of Paragraph 1 of the complaint.

     2.     Admits the allegations of Paragraph 2 of the complaint.

     3.     Admits the allegations of paragraph 3 of the complaint..

     4.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 4 of the complaint insofar as it concerns the plaintiff, DeVita but denies the remainder of the allegations of Paragraph 4.

     5.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 5 of the complaint.

- 2 -

6. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 11 of the complaint, except denies that racially discriminaroty housing practices are pervasive throughout Nassau County.

12. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 14 of the complaint.

15. Admits that the defendant, County of Nassau, is a municipal corporation.

16. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 17 of the complaint.

18. Denies the allegations of Paragraph 18 of the complaint.

19. Denies knowledge of information sufficient for form a belief as to the allegations contained in Paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 20 of the complaint.

21. Denies the allegations of Paragraph 21 of the complaint.

22. Denies the allegations of Paragraph 22 of the complaint.

23. Denies the allegations of Paragraph 23 of the complaint.

24. Denies the allegations of Paragraph 24 of the complaint.

25. Denies the allegations of Paragraph 25 of the complaint.

26. Admits that the County of Nassau receives federal funds, but denies the remaining allegations of Paragraph 26 and refers all conclusions of law to the court.

27. Denies the allegations of paragraph 27 of the complaint.

28. Denies the allegations of Paragraph 28 of the complaint.

29. Denies the allegations contained in Paragraph 29 of the complaint.

30. Denies the allegations contained in Paragraph 30 of the complaint.

31. Denies the allegations contained in Paragraph 31 of the complaint.

32. Denies the allegations contained in Paragraph 32 of the complaint.

33. Neither admits nor denies the allegations of Paragraph 33 of the complaint and refers all conclusions of law to the court.

34. Denies the allegations of Paragraph 34 of the complaint.

35. Denies the allegations contained in Paragraph 35 of the complaint.

36. Denies the allegations contained in Paragraph 36 of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 37 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 38 of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 39 of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 40 of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 41 of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 42 of the complaint.

- 5 -

43.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 43 of the complaint.

44.     Admits the allegations contained in Paragraph 44 of the complaint.

45.     Admits the allegations contained in Paragraph 45 of the complaint.

46.     Admits the allegations contained in Paragraph 46 of the complaint.

47.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the complaint.

48.     Admits that the County of Nassau issued its Consolidation Plan in December 2003 and respectfully refers the court to the Consolidation Plan for the terms thereof.

49.     Denies the allegations of Paragraph 49 of the complaint.

50.     Denies the allegations contained in Paragraph 50 of the complaint.

51.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations of Paragraph 51 of the complaint.

52.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 52 of the complaint.

53.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 53 of the complaint.

54.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 54 of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 55 of the complaint.

56. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 56 of the complaint

57. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 57 of the complaint

58. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations pertaining to the Proposed Plan and denies the remainder of the allegations contained in Paragraph 58 of the complaint.

59. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 59 of the complaint.

60. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 60 of the complaint.

61. Denies the allegations of Paragraph 61 of the complaint.

62. Denies the allegations of Paragraph 62 of the complaint.

63. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 63 of the complaint. Insofar as they pertain to the Garden City defendants.  The defendant, County of Nassau, denies the allegations of Paragraph 63 of the complaint to the extent they pertain to the defendant, County.

64. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 64 of the complaint and refers conclusions of law to the court.

65. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 65 of the complaint.

66. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 66 of the complaint.

67. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 67 of the complaint.

68. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 68 of the complaint.

69. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 69 of the complaint.

70. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 70 of the complaint to the extent that the allegations pertain to the Garden City defendants. To the extent that the allegations relate to the defendant, County of Nassau, the defendant, County of Nassau denies these allegations.

71. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 71 of the complaint.

72. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 72 of the complaint.

73. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 59 of the complaint.

74. Denies the allegations contained in Paragraph 74 of the complaint.

75. Denies the allegations contained in Paragraph 75 of the complaint.

76. Admits the County of Nassau issued a Request for Proposals, but denies the remaining allegations of Paragraph 76 of the complaint.

77. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 77 of the complaint.

78. Denies knowledge and information sufficient to form a belief as to the content of the proposal and refers conclusions based upon the content thereof to the trial court.

79. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 79 of the complaint.

80. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 80 of the complaint and refers the interpretation of any document to the trial court.

81. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 81 of the complaint.

82. Denies the allegations contained in Paragraph 82 of the complaint, but admits that Nelkin was selected as the developer of the property.

83. Denies the allegations contained in Paragraph 83 of the complaint.

84. Denies the allegations contained in Paragraph 84 of the complaint.

85. Denies the allegations contained in Paragraph 85 of the complaint.

86. Denies the allegations contained in Paragraph 86 of the complaint.

87. Denies the allegations of defendants "discriminatory conduct and practices" and denies information sufficient to form a belief as to the veracity of the remainder of the allegations contained in Paragraph 87.

88. Denies the allegations contained in Paragraph 88 of the complaint.

89. Denies the allegations contained in Paragraph 89 of the complaint.

90. Denies the allegations contained in Paragraph 90 of the complaint.

91. Denies the allegations contained in Paragraph 91 of the complaint.

92. Denies the allegations contained in Paragraph 92 of the complaint.

93. Denies the allegations contained in Paragraph 93 of the complaint.

94. Denies the allegations contained in Paragraph 94 of the complaint.

95. Denies the allegations contained in Paragraph 95 of the complaint.

ANSWERING THE FIRST CAUSE OF ACTION

96. The defendant, County of Nassau, repeats and reiterates each and every denial, denial of information or admission to the preceding paragraphs as if fully set forth herein at length.

97. Denies the allegations contained in Paragraph 97 of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

98. The defendant, County of Nassau, repeats and reiterates each and every denial, denial of information or admission to the preceding paragraphs as if fully set forth herein at length.

99. Denies the allegations contained in Paragraph 99 of the complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

100. The defendant, County of Nassau, repeats and reiterates each and every denial, denial of information or admission to the preceding paragraphs as if fully set forth herein at length.

101. Denies the allegations contained in Paragraph 101 of the complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

102. The defendant, County of Nassau, repeats and reiterates each and every denial, denial of information or admission to the preceding paragraphs as if fully set forth herein at length.

103. Denies the allegations contained in Paragraph 103 of the complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

104. The defendant, County of Nassau, repeats and reiterates each and every denial, denial of information or admission to the preceding paragraphs as if fully set forth herein at length.

105. Denies the allegations contained in Paragraph 105 of the complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

106. The defendant, County of Nassau, repeats and reiterates each and every denial, denial of information or admission to the preceding paragraphs as if fully set forth herein at length.

107. Denies the allegations contained in Paragraph 107 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

108. The plaintiffs lack standing to prosecute the causes of action alleged in the complaint.

## SECOND AFFIRMATIVE DEFENSE

109. The complaint fails to allege a viable cause of action under any of the asserted theories.

## THIRD AFFIRMATIVE DEFENSE

110. The plaintiffs failed to comply with condition precedent regarding the purchase of the property and hence have no interest in the property.

## FOURTH AFFIRMATIVE DEFENSE

111. The sale of the subject piece of real property to the plaintiffs would be violative of County policies and procedures regarding the transfer of real property.

## FIFTH AFFIRMATIVE DEFENSE

112.   To the extent that plaintiffs have alleged acts or transactions of uncertain date, the claims are barred if the action was not commenced within the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

113.   Plaintiffs claims are barred by the doctrines of waiver, estoppel and laches.

## SEVENTH AFFIRMATIVE DEFENSE

114.   The proposed sale of the subject property was at all times conducted in accordance with applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

115.   The complaint fails to allege, with adequate specificity, violations of the Fair Housing Act.

## NINTH AFFIRMATIVE DEFENSE

116.   No policy, regulation, ordinance or procedure officially adopted or promulgated by defendant, County of Nassau, authorized a deprivation of plaintiffs' constitutional rights.

WHEREFORE, the defendant, County of Nassau, respectfully demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action.

Dated:   Mineola, New York
         August 18, 2006

                                                  LORNA B. GOODMAN
                                                NASSAU COUNTY ATTORNEY
                                                Attorney for the Defendant
                                                COUNTY OF NASSAU
                                                By:

                                                _____
                                                Esther D. Miller (EM2416)
                                                Deputy County Attorney
                                                One West Street
                                                Mineola, New York 11501
                                                (516) 571-0709

To:

Law Office of Frederick K. Brewington
Attorney for ACORN Plaintiffs
50 Clinton Street
Hempstead, New York 11550

Hogan & Hartson, LLP
Attorneys for Individual Plaintiffs
875 third Avenue
New York, New York 10022

Cullen & Dykman, LLP
Attorneys for Defendants
Village of Garden City and
Garden City Board of Trustees
100 Quentin Roosevelt Boulevard
Garden City, New York 11530