UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ACORN (THE NEW YORK ASSOCIATION
OF COMMUNITY ORGANIZATIONS FOR
REFORM NOW), et al.,

                          Plaintiff(s),           **ORDER**
                                                                  CV 05-2301 (JFB) (WDW)
      -against-

COUNTY OF NASSAU, et al.,

                          Defendant(s).
----------------------------------------------------------X

**WALL, Magistrate Judge:**

Plaintiffs have moved to compel the production of certain documents by defendants Nassau County (the "County"). *See* Docket Entry ("DE") [80]. Plaintiffs further seek an order precluding the assertion of a public interest privilege and deliberative process privilege by County witnesses during depositions. The County argues that the documents were properly withheld on the basis of those privileges, and asks the court to deny plaintiffs' motion and issue a protective order. DE [81]. The documents at issue were subsequently submitted for in camera review. For the reasons stated herein, plaintiffs' motion is granted in part and denied in part.

**DISCUSSION**

At the outset, it is necessary to briefly review the allegations in this matter that impact the current motion. This case involves the rezoning of the former "Social Services site" located at 101 County Seat Drive in Garden City. Plaintiffs allege that the defendant Garden City Board of Trustees ("Garden City") rezoned that property to prevent the construction of affordable, multi-family housing on that site, and that the County acquiesced and supported Garden City's plan despite the alleged discriminatory animus underlying Garden City's zoning decisions. According

to plaintiffs, the County has "adopted a policy of supporting, encouraging, facilitating, and acquiescing in the efforts by local zoning authorities in the towns and villages located within Nassau County to enact exclusionary zoning law and ordinances . . .with the purpose, intent or foreseeable effect of perpetuating racial and ethnic housing segregation throughout Nassau County." Am. Compl. ¶23.

The Amended Complaint alleges that Garden City appointed a committee to make recommendations regarding the use and zoning of the Social Services site. Am. Compl. ¶51. During 2003, the committee held workshops and also met with County representatives to discuss issues including the zoning of the site. *Id.* ¶53. The committee initially produced a "Proposed Plan" that would have made it "economically feasible for a developer of affordable multi-family housing to develop such housing." *Id.* ¶56. Public hearings were held, and in June 2004, Garden City, "with the express deliberate support, encouragement, acquiescence and consent" of the County, rejected the Proposed Plan. *Id.* ¶63. Garden City subsequently adopted an entirely new zoning classification for the Social Services site which, "by design or foreseeable effect" prohibited the development of integrated housing on the site. *Id.* ¶64. In July 2004, the County issued a Request for Proposals ("RFP") for development of the Social Services site. Plaintiffs did not respond to the RFP with a proposal since the zoning adopted by Garden City made it "economically infeasible to develop affordable housing given its limitations on permitted density." *Id.* ¶77.

In the current motion, plaintiffs seek production of a set of documents identified by the County on a log as privileged under the public interest and/or deliberative process privileges and withheld by the County on that basis. The County has cross moved for a protective order.

**I. Assertion of Public Interest Privilege**

The County claims a public interest privilege recognized by New York state courts that "attaches to confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged." *Cirale v. 80 Pine St. Corp.,* 35 N.Y.2d 113, 117 (1974)(internal quotation omitted). The "hallmark" of the privilege is its application "when the public interest would be harmed if the material were to lose its cloak of confidentiality." *Id.* It is clear, however, that "[q]uestions of privilege in federal civil rights cases are governed by federal law." *King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y. 1988)(citing *Von Bulow v. Von Bulow,* 811 F.2d 136, 141 (2d Cir. 1987)). As this case involves federal questions, any asserted privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501. Thus, the state law cases cited by the County are not binding on this court. *See Agran v. City of New York,* 1997 WL 107452, at *2 (S.D.N.Y. Mar. 11, 1997).

Even if the court were to find the public interest privilege applicable in this case, the County has not carried its burden of establishing entitlement to the privilege. A governmental agency seeking to assert the privilege must specify the harm and must "come forward and show that the public interest would indeed be jeopardized by a disclosure of the information." *Cirale,* 35 N.Y.2d at 118-119. Application of the privilege may be denied where the asserting party fails to make a "particularized showing of the privacy issues" at stake. *Woodard v. City of New York,* 2000 WL 516890, at *5 (E.D.N.Y. Mar. 10, 2000). Although the County acknowledges that to claim the public interest privilege, it must identify "specific harm to the public" that outweighs

the plaintiff's issue in disclosure, it argues only that "the disclosure of certain documents would have a chilling effect on the collective thought processes of key Nassau County officials." County ltr at 2, DE [81]. This generalized statement is not sufficient to allow assertion of this privilege. Indeed, if the court were to accept the County's blanket assertion of a "chilling effect" as sufficient, it would be difficult to envision a document that would escape the assertion of privilege. The County has not set forth any argument or case law to support such a broad application of privilege.

The County's argument that it "has already provided *25,000* pages of documents in response to ACORN's discovery demands," County ltr at 2 (emphasis in original), is similarly unpersuasive. The volume of documents already produced has no bearing on whether these particular documents must also be produced. Accordingly, the court finds that the public interest privilege does not attach.

## II.  Assertion of Deliberative Process Privilege

The County also asserts that various documents may be withheld under a deliberative process privilege that protects "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Tigue v. U.S. Dep't of Justice,* 312 F.3d 70, 76 (2d Cir. 2002). This common law privilege is a type of work-product privilege "available to the government for purposes of civil discovery." *Tummino v. Von Eschenbach,* 2006 U.S. Dist. LEXIS 81286, at *21 (E.D.N.Y. Nov. 6, 2006). The privilege recognizes that "those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process." *U.S. v. Nixon,* 418 U.S. 683, 705 (1974). This

privilege does not, however, "operate indiscriminately to shield all decision-making by public officials." *Schiller v. City of New York,* 2007 WL 136149, at *10 (S.D.N.Y. Jan. 19, 2007)(quoting *Grossman v. Schwarz,* 125 F.R.D. 376, 381 (S.D.N.Y. 1989)).

To be protected by the privilege, the documents at issue must be predecisional and deliberative. *E.B. v. New York City Bd. of Educ.,* 233 F.R.D. 289, 292 (E.D.N.Y. 2005)(citing *Tigue,* 312 F.3d at 76)). To be predecisional, a document must be prepared to assist a decision maker in arriving at his decision and must be distinguished from a postdecisional document which merely sets forth the reasons for a decision that has already been made. *See Tummino,* 2006 U.S. Dist. LEXIS 81286, at *23. The privilege protects documents such as "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the agency." *Tigue,* 312 F.3d at 80. It does not, however, protect factual observations, findings, or conclusions. *See E.B.,* 233 F.R.D. at 292. A document is predecisional "if the agency can '(i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates.'" *Tummino,* 2006 U.S. Dist. LEXIS 81286, at *24 (quoting *Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York,* 194 F.R.D. 88, 92 (S.D.N.Y. 2000)(additional citations omitted)).

In addition to being predecisional, a document for which the deliberative process privilege is sought must be deliberative, "that is, 'actually related to the process by which policies are actually formulated.'" *Hopkins v. U.S. Dep't of Hous. & Urban Dev.,* 929 F.2d 81, 84 (2d Cir. 1991)(quoting *Jordan v. U.S. Dep't of Justice,* 591 F.2d 753, 774 (D.C. Cir. 1978)). The

5

privilege "does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." *Tigue,* 312 F.3d at 80 (quoting *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 482 (2d Cir. 1999)).

Furthermore, the deliberative process privilege is a qualified privilege subject to a balancing test in which the court must weigh the parties' competing interests. *E.B.,* 233 F.R.D. at 292. "Among the factors that a court should consider in arriving at such a determination are: '(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.'" *Rodriguez v. Pataki,* 280 F. Supp. 2d 89, 100-01 (S.D.N.Y. 2003), *aff'd* 293 F. Supp. 2d 302 (quoting *In re Franklin Nat'l Bank Secs. Litig.,* 478 F. Supp. 577, 583 (E.D.N.Y. 1979)).

Applying these factors, courts have found that "the deliberative process privilege must, at times, yield to the 'public interest in opening for scrutiny the government's decision making process.'" *Tummino,* 2006 U.S. Dist. LEXIS 81286, at *29 (quoting *In re Franklin Nat'l Bank Secs. Litig.,* 478 F. Supp. at 582). Moreover, the privilege "may be inapplicable where the agency's deliberations are among the central issues in the case." *Mr. & Mrs. B. v. Board of Educ. of the Syosset Central School Dist.,* 35 F. Supp. 2d 224, 230 (E.D.N.Y. 1998)(quoting *Natural Res. Def. Council, Inc. v. Fox,* 1998 WL 158671, at *4 (S.D.N.Y. Apr. 6, 1998)); *see also Ebbert v. Nassau County,* 2007 WL 674725, at *11 (E.D.N.Y. Mar. 5, 2007)(noting that the privilege should not foreclose production when the decison-making process is the subject of the lawsuit). "When the decision making process is itself at issue, particularly in civil rights action, the

deliberative process privilege and other privileges designed to shield that process from public scrutiny may not be raised as a bar against disclosure of relevant information; it must yield to the overriding public interest in challenging discrimination. *Torres v. City Univ. of New York,* 1992 WL 380561, at * 8 (S.D.N.Y. Dec. 3, 1992)(citations omitted).

With these principles in mind, the court turns to a determination regarding production of the documents submitted for in camera review.

### III. Documents Submitted for In Camera Review

In light of the foregoing determination that the state law public interest privilege would not be available in this case, the in camera review was limited to those documents withheld on the basis of a deliberative process privilege. Additionally, the court has *sua sponte* examined the documents in light of their relevance to this litigation. The Federal Rules[1] state that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b) (1). To be discoverable, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This rule must be interpreted in line with the general purpose of discovery, which is to "provide both parties with information essential to proper litigation of all the facts." *Sackman v. Liggett Group, Inc.,* 173 F.R.D. 358, 361 (E.D.N.Y. 1997)(quoting *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973)(citation omitted)).

At the outset, the court notes that the County's attempt to assert a deliberative process

---

[1]This order quotes the Federal Rules in effect at the time the motion was made. Although the Rules were revised in December 2007, none of those changes would affect the rulings made herein.

deliberative process privilege and other privileges designed to shield that process from public scrutiny may not be raised as a bar against disclosure of relevant information; it must yield to the overriding public interest in challenging discrimination. *Torres v. City Univ. of New York,* 1992 WL 380561, at * 8 (S.D.N.Y. Dec. 3, 1992)(citations omitted).

With these principles in mind, the court turns to a determination regarding production of the documents submitted for in camera review.

### III. Documents Submitted for In Camera Review

In light of the foregoing determination that the state law public interest privilege would not be available in this case, the in camera review was limited to those documents withheld on the basis of a deliberative process privilege. Additionally, the court has *sua sponte* examined the documents in light of their relevance to this litigation. The Federal Rules[1] state that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b) (1). To be discoverable, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This rule must be interpreted in line with the general purpose of discovery, which is to "provide both parties with information essential to proper litigation of all the facts." *Sackman v. Liggett Group, Inc.,* 173 F.R.D. 358, 361 (E.D.N.Y. 1997)(quoting *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973)(citation omitted)).

At the outset, the court notes that the County's attempt to assert a deliberative process

---

[1]This order quotes the Federal Rules in effect at the time the motion was made. Although the Rules were revised in December 2007, none of those changes would affect the rulings made herein.

privilege is to some degree derailed by its own arguments. For example, the County argues that only Garden City had the authority to rezone the property and that the County had no power over Garden City's decision. If the court credits this argument, then by definition, any document discussing the rezoning cannot be "deliberative" since it could not have been made in the process of establishing a policy of the County. The court has found one group of documents to be deliberative, not as to Garden City's rezoning, but rather as to the County's decisionmaking during the RFP process conducted in late 2004. The Proposal Evaluations prepared within the County are subjective recommendations that are clearly predecisional and deliberative, and thus privileged.

Several other documents withheld by the County also pertain to the RFP process. Many of these documents are factual timelines and draft letters that are not deliberative and thus are not protected by the deliberative process privilege. A draft contract of sale prepared in October 2004 is also included. The court notes, however, that these materials do not appear to have any relevance to the issues of this litigation since plaintiffs do not allege any misconduct by the County in regard to the actual RFP procedure. The Amended Complaint alleges only that the County issued an RFP after Garden City had rezoned the property and that plaintiffs did not respond to the RFP because of the restrictive zoning. Am. Compl. ¶¶76, 81. The court finds that those documents relating to the RFP process that are not privileged, are nonetheless not relevant to this litigation and thus need not be produced.

Several other documents were apparently included on the privilege log because of a

peripheral reference to the "Social Services site." In addition to a possible privilege[2] argument, these too have no bearing on this litigation and need not be produced.

Upon a comprehensive review of the documents, the motion to compel is granted as to the following documents, referred to by privilege log number: #3, #32, #61, #62, and #91. In addition, the motion to compel is granted as to all documents withheld on the basis of a public interest privilege alone. The motion to compel is denied as to the remaining documents.

Plaintiffs also seek an order precluding assertion of these privileges during depositions of County witnesses. That motion is granted as to any attempt to assert a public interest privilege. Any assertion of a deliberative process privilege will be decided on a case by case basis consistent with the rulings made herein.

Dated: Central Islip, New York      **SO ORDERED:**
       March 14, 2008

                                              /s/ William D. Wall
                                              WILLIAM D. WALL
                                              United States Magistrate Judge

---

[2] Several of these documents concern County actions and decisions well beyond the treatment of the Social Services site and may well be protected by the deliberative process privilege.