

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

November 9, 2012

**By Electronic Case Filing (ECF)**

Hon. Arthur D. Spatt
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1020
PO Box 9014
Central Islip NY 11722

   Re: ***MHANY Management, Inc. v. County of Nassau, Incorporated Village of Garden City, and Garden City Board of Trustees***, 05-cv-2301 (ADS) (WDW)

Dear Judge Spatt:

  I, along with co-counsel Fred Brewington of the Law Offices of Frederick K. Brewington and Joe Rich of the Lawyers' Committee for Civil Rights Under Law, represent the individual plaintiffs in the above-referenced matter, which has been pending since 2005.  Mr. Brewington and Mr. Rich represent all of the Plaintiffs.  In February of 2012, the Court denied the Garden City defendants' summary judgment motion, holding that Plaintiffs had presented a *prima facie* case of both intentional discrimination and disparate impact surrounding and resulting from Garden City's exclusionary zoning enactment.  Since then, the parties have been engaged in what Plaintiffs believed were serious and significant settlement negotiations, including a private mediation through JAMS.

  Unfortunately, we write to inform the Court that mediation efforts have failed.  Plaintiffs had hoped in good faith that a settlement could be reached, and indeed expended a great deal of time, expense, and effort planning for and participating in settlement negotiations, including sharing in the costs of a well-respected private mediator.  For approximately eight months the parties' settlement efforts focused on a plan for affordable housing based on a specific offer by Garden City – which, while far from ideal from Plaintiffs' perspective, Plaintiffs agreed to consider in good faith if certain criteria were met.  The parties chose to retain a private mediator after approximately five months of negotiation; Plaintiffs believed – and thought that Defendants also believed – that at that point a settlement was within reach, and that a mediator could help the parties to compromise on final details.  At the mediation, Garden City surprised Plaintiffs when they for the first time proposed a condition to the settlement that had not previously been raised or discussed in over five months of negotiations.  The condition – like the discriminatory zoning enactment at issue in this case – rendered building affordable housing infeasible.  Nevertheless, Plaintiffs were still willing to work with Garden City to see if a compromise regarding this newly-proposed condition could be reached.  Plaintiffs expended more effort and provided more information to Garden City.  Over two months passed, and Plaintiffs heard nothing from Garden City regarding their settlement position.  At the end

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Abu Dhabi  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Brussels  Caracas  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Madrid  Miami  Milan  Moscow  Munich  New York  Northern Virginia  Paris  Philadelphia  Prague  Rome  San Francisco  Shanghai  Silicon Valley  Singapore  Tokyo  Ulaanbaatar  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Jeddah  Riyadh  Zagreb.  For more information see www.hoganlovells.com

Hon. Arthur D. Spatt - 2 - November 9, 2012

of October, Garden City conveyed – through the private mediator and their attorney – the following message to Plaintiffs: the offer that Garden City had made in March of 2012, and over which the parties had been negotiating for eight months, was rescinded. In its place, Garden City suggested that they might possibly have another idea for settlement, but they provided little detail, except that their proposal included an escape hatch by which Garden City could avoid ever allowing affordable housing to be built within its borders simply by building up a cash reserve over a number of years that they could pay to Plaintiffs. Needless to say, Garden City's abrupt about face – rendering meaningless eight months of effort and significant expense by Plaintiffs – brought settlement discussions to an end. Plaintiffs believe that at this point we have exhausted all avenues, and moreover, that Plaintiffs' good faith has been abused.

Therefore, Plaintiffs respectfully request a pre-trial status conference, to set a pre-trial order with deadlines for the parties to submit the Joint Pre-Trial Order to the court, as well as any motions in limine.

We also ask that your Honor set a date certain for trial, or a ready-date certain, no earlier than February 1, 2013, but at the earliest date convenient for the Court after. Mr. Brewington has several trials and religious travel obligations scheduled through January, and several other attorneys on our team have court dates, medical issues, or other professional obligations that would make trial prior to February 1 particularly difficult.

Finally, we respectfully request that this trial be scheduled continuously. We anticipate that trial will take two weeks.

Plaintiffs believe that this case – which, *inter alia*, alleges that Garden City intentionally discriminated on the basis of race and national origin when it enacted zoning that precluded the building of affordable housing within its borders – would be ill-served by a non-continuous trial. As Your Honor knows, especially in cases alleging discriminatory intent it is important that the fact finder be able to hear and consider the evidence as a whole, not piecemeal. Bits and pieces of evidence and testimony that together prove a strong inference of discriminatory intent may lose their force if presented over time, out of order, or in an otherwise non-cohesive fashion. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999) (acknowledging that "discrimination will seldom manifest itself overtly," and emphasizing that – in determining whether to allow an employment discrimination claim to proceed to trial – "courts must not view the evidence in piecemeal fashion" as "a jury would be entitled to review the evidence as a whole"); *Stern v. Trustees of Columbia Univ. in City of New York*, 131 F.3d 305, 314 (2d Cir. 1997) (remanding employment discrimination case for trial, and faulting dissent for "consider[ing] the record solely in piecemeal fashion, proffering innocent explanations for individual strands of evidence" because "[t]he jury . . . will be entitled to view the evidence as a whole in assessing whether there was impermissible discrimination and whether the University's proffered explanation is a pretext"). Moreover, a significant number of the witnesses Plaintiffs intend to call at trial are not within their control, and Plaintiffs' expert on the issue of disparate impact does not reside in New York and must plan her travel in advance. Plaintiffs feel that a non-continuous trial would greatly prejudice them in their ability to present their case in its most cohesive and effective form.

Plaintiffs filed this action over seven years ago. The problem that Plaintiffs sought to redress – extreme racial segregation in Nassau County and Garden City that is exacerbated when local

Hon. Arthur D. Spatt - 3 - November 9, 2012

discriminatory attitudes prevail upon local government to actively enforce segregation in affluent white towns through discriminatory zoning practices – persists to this day. Garden City is no less segregated than it was seven years ago, nor has any affordable housing been built there. Plaintiffs had hoped that the parties were near to a settlement that would have finally brought affordable housing – and with it the first steps of desegregation – to Garden City. Unfortunately, Plaintiffs must now seek redress through trial. Plaintiffs ask only that they be given the opportunity to present their strongest – and most cohesive – case through a continuous trial.

       Plaintiffs thank the Court for its consideration of these requests.

Respectfully submitted,


/s/ Stanley J. Brown

Stanley J. Brown

Partner
stanley.brown@hoganlovells.com
D +1 212 918 3692

cc:    all counsel (via ECF)