

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

November 12, 2012

**By Electronic Case Filing (ECF)**

Hon. Arthur D. Spatt
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1020
PO Box 9014
Central Islip NY 11722

Re:  *MHANY Management, Inc. v. County of Nassau, Incorporated Village of Garden City, and Garden City Board of Trustees*, 05-cv-2301 (ADS) (WDW)

Dear Judge Spatt:

I write on behalf of all of the Plaintiffs in this matter to respond to Defendants' letter, dated November 12, 2012, Dkt. No. 325, requesting that the Court remove Plaintiffs' letter of November 9, 2012 (Dkt. No. 323) from the ECF system and the public record.

Plaintiffs oppose this request.  The November 9 letter was intended to advise the Court of the status of settlement negotiations, and that the parties have engaged in extensive – though unfortunately, unfruitful – settlement negotiations.  No confidential information pursuant to the parties' JAMS Mediation Agreement (Exhibit A to J. Ryan Letter, dated November 12, 2012, Dkt. No. 324) was included in Plaintiffs' November 9, 2012 letter.  The JAMS Mediation Agreement prohibits disclosure of "offers, promises, conduct and statements" such as are considered inadmissible as evidence pursuant to Rule 408 of the Federal Rules of Evidence.  (Exhibit A to Dkt. No. 324, at Section III.)  Plaintiffs' November 9 letter only generally described the course of the parties' settlement negotiations over the past eight months; in fact, Plaintiffs were quite careful not to disclose any specific offers, promises, conduct or statements made during the course of the JAMS sessions attended by the parties.  Nor do Plaintiffs seek to admit evidence of any such offers, promises, conduct or statements at trial; as such, the November 9 letter is not prejudicial to Defendants' trial position.

Respectfully, the November 9 letter should remain part of the public record of this matter, and Defendants' request should be denied.[1]  Plaintiffs thank the Court for its consideration.

Respectfully submitted,
/s/ Stanley J. Brown
Stanley J. Brown, Partner
stanley.brown@hoganlovells.com
D +1 212 918 3692

cc:  All counsel, by ECF

---

[1] If the Court decides to remove the November 9, 2012 letter from the ECF system, Defendants' letter at Dkt. No. 324 should also be removed; it quotes material from Plaintiffs' letter that Defendants assert is "confidential."

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Abu Dhabi  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Brussels  Caracas  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Madrid  Miami  Milan  Moscow  Munich  New York  Northern Virginia  Paris  Philadelphia  Prague  Rome  San Francisco  Shanghai  Silicon Valley  Singapore  Tokyo  Ulaanbaatar  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Jeddah  Riyadh  Zagreb.  For more information see www.hoganlovells.com