**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MHANY MANAGEMENT INC., VIC
DEVITA, AND FRANCINE MCCRAY,

                          Plaintiffs,        **MEMORANDUM OF**
   -and-                                     **DECISION AND ORDER**
                                                     05-CV-2301 (ADS)(WDW)

NEW YORK COMMUNITIES FOR CHANGE,
INC.,

                            Intervenor - Plaintiff,
        -against-

INCORPORATED VILLAGE OF GARDEN
CITY AND GARDEN CITY BOARD OF
TRUSTEES,

                            Defendants.
---------------------------------------------------------X
**APPEARANCES:**

**Hogan & Hartson LLP**
*Attorneys for the Plaintiffs Vic DeVita and Francine McCray*
875 Third Avenue
New York, NY 10022
       By:   Peter Joseph Dennin, Esq.,
                Jenny Rubin Robertson, Esq.,
                Joanna F. Wasick, Esq.,
                Stanley Joseph Brown, Esq.,
                Toby William Smith, Esq.,
                Sabrina Helene Cochet, Esq.,
                Chava Brandriss, Esq.,
                Luz Maria Henriquez, Esq.,
                Sarah Joy Gregory, Esq., of Counsel

**Law Offices of Frederick K. Brewington**
*Attorneys for the former Plaintiff ACORN and the*
*Intervenor-Plaintiff New York Communities for Change, Inc.*
50 Clinton Street, Suite 501
Hempstead, NY 11550
        By:   Frederick K. Brewington, Esq., of Counsel

**Lawyers' Committee for Civil Rights Under Law**
*Attorneys for all Plaintiffs and the Intervenor-Plaintiff*
*New York Communities for Change, Inc.*
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
  By: Joseph D. Rich, Esq.,
    Linda H. Mullenbach, Esq.,
    Abigail E. Shafroth, Esq., of Counsel

**Cullen and Dykman, LLP**
*Attorneys for the Defendants Incorporated Village of Garden*
*City and Garden City Board of Trustees*
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
  By: James G. Ryan, Esq.,
    Ariel E. Ronneburger, Esq.
    Cynthia Ann Augello, Esq.,
    Douglas J. Bohn, Esq.,
    Jennifer A. McLaughlin, Esq., of Counsel

**SPATT, District Judge**.

In 2005, several individual plaintiffs and organizations commenced a lawsuit against the County of Nassau, the Incorporated Village of Garden City, and the Garden City Board of Trustees. Briefly, the Plaintiffs allege that the Defendants discriminatorily re-zoned two parcels of Nassau County-owned land that were located in Garden City to prevent the building of low- and middle-income housing on that site. The Plaintiffs further allege that this decision was part of a long-standing racially discriminatory policy maintained by the Defendants. Based on these allegations, the Plaintiffs assert claims pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; and 42 U.S.C. § 2000d et seq. In response, the Defendants deny any wrongdoing, and assert that they have no racially discriminatory policies. Currently, only the Incorporated Village of Garden City and the Garden City Board of Trustees remain as defendants.

The matter is scheduled for a bench trial beginning on June 17, 2013. Presently before the Court is the Plaintiffs' motion to amend the Joint Pretrial Order ("JPTO") in two respects: (1) to supplement the Plaintiffs' list of trial witnesses by adding Lauren Davies, Sheila DiMasso, Kenneth Drummond, and Arnold Greene, and by reserving the right to call as witnesses any witnesses listed or called by the Defendants; and (2) to add a small number of documents to the Plaintiffs' list of trial exhibits. For the reasons set forth below, this motion is granted.

## I. BACKGROUND

The JPTO in this matter was filed on December 4, 2012. (See Docket Entry No. 331.) Included as part of the JPTO were four nonparty individuals that the Defendants placed on the Witness List—Donna Armieri ("Armieri"), Gail Madigan ("Madigan"), Paul Ortton ("Ortton"), and Andrew Smith ("Smith"). According to the Defendants, these potential witnesses were included because their comments at public hearings were cited by the Plaintiffs' expert in his report, or were cited by this Court in its February 15, 2012 Order denying the Village's motion for summary judgment.

However, the Plaintiffs had not had the opportunity to depose Armieri, Madigan, Ortton, or Smith. Accordingly, at the December 6, 2012 pretrial conference before this Court, the Plaintiffs requested the right to depose these four individuals based upon their inclusion in the JPTO. The Court granted their request. At the time, the Plaintiffs did not specifically request the ability to add their own witnesses or conduct any additional depositions beyond those of Armieri, Madigan, Ortton, and Smith. However, on January 24, 2013, the Plaintiffs noticed the deposition by subpoena of four additional individuals—Lauren Davies ("Davies"), Shelia DiMasso ("DiMasso"), Kenneth Drummond ("Drummond"), and Arnold Greene ("Greene"). Presumably, the Plaintiffs either misunderstood the Court's oral rulings at the pretrial conference, or

3

otherwise relied upon a non-authoritative minute entry that mistakenly stated that "every new witness *for any side*, will be deposed." (Docket Entry No. 333) (emphasis added). In any event, depositions for individuals that were *not* listed as potential witnesses in the JPTO had not been considered or ruled on by this Court at that time. For this reason, on February 5, 2013, the Court granted the Defendants' letter motion to quash these four subpoenas pursuant to Federal Rule of Civil Procedure 45(c)(3). To be clear, this ruling did not reflect the Court's view on the relevant issue—whether the Plaintiffs may amend their pretrial order at this stage of the litigation to include additional witnesses. Rather, the ruling reflected the Court's opinion that the Plaintiffs would not be permitted to depose non-party individuals that had not been identified at the pretrial conference as potential witnesses for the trial. That previous viewpoint does not foreclose or affect the Court's consideration of the instant motion.

On March 6, 2013, the Plaintiffs filed a motion to amend the JPTO in two respects: (1) to supplement the Plaintiffs' list of trial witnesses by adding Lauren Davies, Sheila DiMasso, Kenneth Drummond, and Arnold Greene, and by reserving the right to call as witnesses any witnesses listed or called by the Defendants; and (2) to add a small number of documents to the Plaintiffs' list of trial exhibits. The Defendants filed an opposition to this motion on March 19, 2013. On March 26, 2013, the Plaintiffs filed a reply.

## II. DISCUSSION

### A. Legal Standard

A motion to amend a pretrial order is governed by Rule 16(e) of the Federal Rules of Civil Procedure. This provision states that "[t]he court may modify the [pretrial] order issued after a final pretrial conference *only to prevent manifest injustice*." Fed. R. Civ. P. 16(e) (emphasis added). However, despite this language, the relevant precedent in the Second Circuit

4

makes it apparent that "a district court has significant discretion in determining how to apply this directive." Helena Assocs., LLC v. EFCO Corp., No. 06 Civ. 0861, 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009); see, e.g., Henry v. Department of Transp., 69 Fed. App'x. 478, 481 (2d Cir. 2003) ("The decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when 'the interests of justice make such a course desirable.'") (quoting Madison Consultants v. Federal Deposit Ins. Corp., 710 F.2d 57, 62 n.3 (2d Cir. 1983)); HBE Leasing Corp. v. Frank, 22 F.3d 41, 45 (2d Cir. 1994) ("A trial court is given broad discretion in managing a trial, and this discretion includes a certain amount of latitude to deviate from the terms of the pretrial order." (internal citations omitted)); Clark v. Pennsylvania R.R. Co., 328 F.2d 591, 594 (2d Cir. 1964) ("[I]t is a fundamental principle of pre-trial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable."); Santrayll v. Burrell, No. 91 Civ. 3166, 1998 U.S. Dist. LEXIS 586, at *7–8 (S.D.N.Y. Jan. 22, 1998) ("'Motions to reopen or to modify a pre-trial order are addressed to the sound discretion of the trial judge.'" (quoting Bradford Trust Co. v. Merrill Lynch Fierce, Fenner, and Smith, Inc., 805 F.2d 49, 52 (2d Cir. 1986))).

"As the commentary to Rule 16(e) notes, although 'pretrial orders should not be changed lightly[,] . . . total inflexibility is undesirable.'" Cross & Cross Properties, Ltd. v. Everett Allied Co., 886 F.2d 497, 503 (2d Cir. 1989). Thus, the Second Circuit "review[s] a trial court's decision to amend or modify a pretrial order for abuse of discretion." Potthast v. Metro–North R.R. Co., 400 F.3d 143, 153 (2d Cir. 2005) (citing RAPCO, Inc. v. Comm'r, 85 F.3d 950, 953 (2d Cir. 1996); Dunlap–McCuller v. Riese Org., 980 F.2d 153, 158 (2d Cir. 1992)); see also

Laguna v. America Export Isbrandtsen Lines, Inc., 439 F.2d 97, 101-02 (2d Cir. 1971) ("We have not viewed . . . modification [of proposed pretrial orders] with hostility.").

To determine whether amendment of a pretrial order is appropriate, a court should balance "the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." Laguna v. Am. Export Isbrandsten Lines, Inc., 439 F.2d 97, 101 (2d Cir. 1971) (quoting 3 J. Moore, Federal Practice & Procedure ¶ 16.20 at 1136 (3d ed. 1968)). "The principal consideration is the degree of prejudice faced by the respective parties." Encyclopedia Brown Prods. V. Home Box Office, Inc., No. 91 Civ. 4092, No. 93 Civ. 1307, 1999 WL 126460, at *2 (S.D.N.Y. March 10, 1999).

The Second Circuit has recently set forth the relevant factors to consider in determining whether a pretrial order should be amended:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (4) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliance party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result.

Potthast v. Metro-North R.R. Co., 400 F.3d 143, 153 (2d Cir. 2005) (citing RAPCO, Inc. v. Comm'r, 85 F.3d 950, 953 (2d Cir. 1996)); see id. at 156 (reaffirming the need for district courts to allow flexibility in allowing revisions to pretrial orders); Vogelfang v. Riverhead Cnty. Jail, No. 04 Civ. 1727, 2012 WL 1450560, at *11 (E.D.N.Y. Apr. 19, 2012). The overarching principle in this regard is that "Rule 16 was not intended to function as an inflexible straitjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pretrial papers and the course of litigation; instead, it was intended to insure the efficient resolution of

cases and, most importantly, minimize prejudicial surprise." Lamborn v. Dittmer, 873 F.2d 522, 527 (2d Cir. 1989).

However, it must be kept in mind that "though 'a court may permit the pretrial order to be amended when the danger of surprise or prejudice to the opposing party is small and a failure to amend might result in an injustice to the moving party . . . if the evidence or issue was within the knowledge of the party seeking modification at the time of the [pretrial] conference . . . then it may not be allowed.'" Potthast, 400 F.3d at 153 (quoting 6A Wright & Miller, Federal Practice and Procedure § 1527 (2d ed.1990)) (alterations in original); see also Katt v. City of N.Y., 151 F. Supp. 2d 313, 346 (S.D.N.Y. 2001) ("Finding a waiver pursuant to Rule 16(e) is particularly appropriate where . . . a party knew or should have known of an issue . . . yet failed to raise the issue *either* in a pretrial order *or* at the final pretrial conference." (emphasis in original)). A final pre-trial order "is not to be changed lightly . . . [and][t]hat which is not alleged in the Pre–Trial Order is generally deemed waived." Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc., No. 01 Civ. 3796, 2005 WL 1026515, at * 6 (S.D.N.Y. May 2, 2005).

To elaborate on the notion of prejudice in this context, when a court evaluates whether prejudice to the opposing side will flow from allowing amendment, the Court must consider "whether the amendment is sought in the midst of trial or on the eve of trial." Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc., No. 89 Civ. 6284, 1992 U.S. Dist. LEXIS 2390, at *3 (S.D.N.Y. Mar. 4, 1992) (internal citations omitted). "However, because the primary purpose of Rule 16 is to minimize prejudicial surprise during trial, . . . even an amendment sought at the last minute due to the movant's lack of diligence may be allowed if it does not significantly prejudice the opposing party." Helena, 2009 WL 2355811, at *3; see, e.g., Finnish Fur., 1992 U.S. Dist. LEXIS 2390, at *4 (allowing an amendment to a party's factual allegations in the pre-trial order

7

at "the eleventh hour" where party's lack of diligence was balanced against the absence of any significant prejudice to the opposing party).

In sum, a trial court will typically amend the pretrial order when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." SEC v. U.S. Envtl., Inc., No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19839, at *4 (S.D.N.Y. Oct. 17, 2002) (Leisure, J.) (citing Fed. R. Civ. P. 16 advisory committee's note).

**B. As to the Plaintiffs' Motion to Amend the Pretrial Order**

The Plaintiffs' motion to amend the pretrial order seeks two distinct modifications: (1) to supplement the Plaintiffs' list of trial witnesses by adding Lauren Davies ("Davies"), Sheila DiMasso ("DiMasso"), Kenneth Drummond ("Drummond"), and Arnold Greene ("Greene"); and (2) to add a small number of documents to the Plaintiffs' list of trial exhibits.

**1. New Witnesses**

The Plaintiffs argue that they have good cause to amend the JPTO to add Davies, DiMasso, Drummond, and Greene as potential witnesses. Specifically, the Plaintiffs assert that all four of these individuals attended public hearings in Garden City regarding the rezoning at issue in this action and voiced objections to the construction of multifamily housing and/or affordable housing in the Village of Garden City. Thus, it is argued that these types of statements by attendees at the public meetings are relevant to the ultimate issue to be proved in this case—whether Garden City's rezoning of the property at issue was discriminatory.

Of importance, the Plaintiffs point out that the Defendants recently named four new witnesses of their own—Armieri, Madigan, Ortton, and Smith—that were also attendees at the same series of public hearings in 2004. These four individuals were timely included in the

JPTO. Nevertheless, the Plaintiffs contend that these four individuals were cherry picked to provide testimony favorable to the Defendants, and that this Court should permit the Plaintiffs to add four additional witnesses in order to prevent the injustice that would be caused by an imbalance of testimony.

The Defendants argue in their opposition that this is an "eleventh hour" request and that the Plaintiffs have not sufficiently explained the reason for the tardiness of their request, as discovery has been closed in this matter since December 31, 2010. The Defendants focus on the fact that Plaintiffs could have included Davies, DiMasso, Drummond, and Greene in the JPTO, because they knew as early as April 2012 that the Defendants were intending to call nonparty resident witnesses. Accordingly, they argue that the Plaintiffs' request to amend the JPTO should be denied.

First, the Court will explore the most important factor—prejudice or surprise to the opposing party. Although the Defendants devote most of their opposition to pointing out the Plaintiffs' failure to add these witnesses to the JPTO sooner in the litigation, they fail to set forth any prejudice that they would suffer should the Court grant the Plaintiffs' motion. Indeed, the Court perceives no real prejudice that the Defendants would suffer if the Court were to permit these four individuals to be added to the JPTO as potential witnesses. The trial is not scheduled to begin for another seven weeks, which is more than enough time for all of the parties to adequately prepare. Furthermore, the Defendants have been aware of Davies, DiMasso, Drummond, and Greene's statements for several years, and thus their inclusion on a list of potential witnesses should come as no surprise to the Defendants.

Second, in the Court's view, the proposed amendment to the JPTO to add these four individuals as potential witnesses would not disrupt the orderly and efficient progression of this

9

case. Although the Defendants characterize this as an "eleventh hour" request, it was in fact made on March 6, 2013, which is approximately three and a half months prior to the start of the trial. As stated above, there is sufficient time for the parties to prepare for the trial in light of these new witnesses, and no disruption to the case will occur. See Mandarino v. Mandarino, 408 Fed. App'x 428, 432 (2d Cir. 2011) ("This is not a case in which Appellant was presented with proposed defense witnesses on the eve of trial; to the contrary, the district court permitted the Defendants' amendment of the pretrial order more than three and a half months prior to the hearing"); Giannone v. Deutsche Bank Secs., Inc., No. 03 Civ. 9665, 2005 WL 3577134, at *2 (S.D.N.Y. Dec. 30, 2005) (granting leave to amend a pretrial order to include an additional witness and additional exhibits, and "[i]n so doing, . . . not[ing] that there is ample time before trial for Giannone to cure any minimal prejudice that may inure to her as a result of such an amendment.").

Undoubtedly, the Plaintiffs should have sought this amendment sooner in the litigation. With reasonably certainty, the Plaintiffs have known of these individuals' identities long before they filed this motion to amend the JPTO. Further, the Plaintiffs were certainly aware of the identities at the time they appeared for a pretrial conference before this Court on December 6, 2012. Nevertheless, the Court sees no reason to doubt the Plaintiffs' good faith in seeking this amendment. While bad faith and a willful failure can be a legitimate basis upon which to deny a motion to amend a pretrial order, no such finding can be made here. Cf. Rapco, Inc. v. C.I.R., 85 F.3d 950, 953 (2d Cir. 1996) (explaining that while there was no evidence that the plaintiff had acted willfully in withholding certain documents, it could not go unnoticed that the documents were delivered on a Friday afternoon, with the trial sessions scheduled to start the next Monday morning).

Finally, the Court agrees with the Plaintiffs that manifest injustice may result if these four individuals are not permitted to testify. To allow this amendment will, as the Plaintiffs state, "ensur[e] parity between the parties at trial and ensur[e] that the Court, as fact-finder, receives as full, balanced, and complete a factual picture as possible." (Pl. Reply at 6.)

Therefore, in light of this review of all of the relevant factors, the Plaintiffs' motion to amend the JPTO to add Davies, DiMasso, Drummond, and Greene to the Witness List is granted.

### 2. New Exhibits

Next, the Court will review the Plaintiffs' request to amend the JPTO to add a number of additional documents to their list of trial exhibits, namely: (1) transcripts and meeting minutes of public hearings and Board of Trustees' meetings held in the Village of Garden City regarding the rezoning at issue, produced by Garden City during discovery; (2) two newspaper articles relevant to the rezoning at issue, produced during discovery; (3) a document relevant to the Plaintiffs' proposed new witnesses; and (4) documents produced by the Defendants' new witnesses at the new witnesses' recently-scheduled depositions.

#### a) Public Hearing Transcript and Board of Trustees Meeting Minutes

First, the Plaintiffs seek to add to their exhibit list copies of the minutes of the March 4, 2004, March 18, 2004, April 22, 2004, and June 3, 2004 Garden City Board of Trustees' meetings. These documents were produced in discovery. According to the Plaintiffs, they reflect that the rezoning at issue in this case was discussed at these meetings, and that a number of Garden City residents, including at least two of the Defendants' newly-identified witnesses, and several of the witnesses the Plaintiffs now seek to call, offered public comments at several of those meetings. Thus, the Plaintiffs argue that these documents are directly relevant to the issues to be litigated at trial, and will help provide the Court with a clearer picture of the events leading

11

to the rezoning decision at issue in this case. The Defendants have failed to provide the Court with a compelling reason as to why this request should be denied.

Accordingly, the Court grants the Plaintiffs' motion to amend the JPTO to add the public hearing transcripts and Board of Trustees meeting minutes to the exhibit list. As these documents were produced during the course of discovery from the Defendants' own files, their inclusion appears to be appropriate.

### b) Relevant Newspaper Articles

Second, the Plaintiffs would like to add to the exhibit list two newspaper articles that the Plaintiffs produced during discovery from a local newspaper entitled "Garden City Life." The articles are apparently relevant with regard to determining local reaction to and sentiment regarding the rezoning at issue. These articles are entitled "Many Residents Oppose Multi-Family Dwellings in P-Zone" and "Board Makes No Decision on 'P' Zone Issue," and were written in January and March of 2004, when the zoning at issue was being formulated and considered.

Similar to the public hearing transcripts and board minutes, these documents were produced during the course of discovery, and the Court sees no prejudice that would result to the Defendants should they be added to the exhibit list. For this reason, the Plaintiffs' request to amend the JPTO to add these two newspaper articles is granted. Their admissibility remains to be determined.

### c) Document Relevant to Plaintiffs' Proposed New Witnesses

The Plaintiffs also seek to add to their exhibit list a copy of a letter to the editor of "The Garden City News" written by two of Plaintiffs' proposed new witnesses, Davies and DiMasso. In the letter, Davies and DiMasso object to the development of "multifamily housing" at the

Social Services site and urge Garden City residents to "come together" in opposition to any such construction. The Plaintiffs contend that this exhibit is relevant to their anticipated testimony concerning their opposition to multifamily housing at the Social Services site.

This proposed exhibit presents a thornier issue, as this document was not produced in the course of discovery. Nevertheless, in considering the relevant factors, the Court finds that the addition of this letter to the exhibit list should be permitted. Although it was not exchanged by the parties while discovery was open, the parties will still have ample time to review the letter and to prepare for its possible admission at the trial. Furthermore, the Court's allowance of additional witnesses—namely, Davis and DiMasso—supports the notion that a particularly relevant document connected to them could be potentially admitted at the trial. In addition, the Defendants will have the opportunity to object to the admission of this document either before or at the time of the trial.

Therefore, the Plaintiffs' motion to amend the pretrial order to add this letter to the editor to the exhibit list is granted.

### d) Documents Produced at Recently-Scheduled Depositions

Finally, the Plaintiffs wish to add to the exhibit list documents that were produced at the recent depositions of the Defendants' new witnesses, Ortton, Smith, Armieri, and Madigan. In particular, Ortton and Smith brought documents with them to their depositions in response to document subpoenas that were included with the deposition subpoenas.

Smith produced two letters at his deposition, at least one of which the Plaintiffs argue the Defendants had in their possession, but had never produced to the Plaintiffs in discovery. The letters are addressed to former County Executive Thomas Suozzi, and express Smith's sentiments regarding the rezoning and property sale at issue.

13

Ortton produced a zoning map at his deposition, which he testified to receiving at one of the public hearings he attended, and which appears similar to a zoning map the Defendants produced to the Plaintiffs as part of a larger document. The Plaintiffs assert that this document is relevant to Ortton's testimony, as it reflects the information that influenced his public comments and sentiment regarding the rezoning at issue.

The Court agrees with the Plaintiffs that adding these documents to the exhibit list will not prejudice the Defendants because their production directly resulted from the Defendants' decision to name new witnesses long after discovery closed. The Defendants point out that these documents are already included as trial exhibits in the JPTO. On the other hand, the Plaintiffs claim that they have only redacted versions of the letters produced by Smith, and that the map produced by Orrton at his deposition is a separate document from that already contained in the JPTO. Therefore, the Plaintiffs' request is granted, but only to the extent that such documents are not already included on the exhibit list in unredacted form.

## C. As to the Defendants' Witnesses and Further Depositions

The Plaintiffs also seek leave to amend their witness list to expressly reserve the right to call as witnesses any witnesses listed by the Defendants in the JPTO, so that the Defendants cannot claim at trial that they had no notice that the Plaintiffs might call a witness named by the Defendants. Although the Plaintiffs believe that they retain this right without having specified it, the Plaintiffs would like to make this reservation of rights explicit in the JPTO. This request is granted.

Finally, the Plaintiffs have indicated that if the Court were to grant their motion to amend the JPTO, that they would like a telephone conference with the Court to discuss their desire to conduct depositions of these four individuals. Such a conference is unnecessary. The Court now

14

permits all of the parties to this litigation to conduct depositions of these four additional individuals, with each party paying the costs of their own depositions. If there are any further matters that the Plaintiffs seek to discuss with the Court, they are directed to file a letter to indicate such a request.

## III.  CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Plaintiffs' motion to amend the joint pretrial order is granted as set forth above; and it is further

**ORDERED**, that the Plaintiffs are directed to file an amended joint pretrial order in accordance with this decision on or before May 6, 2013; and it is further

**ORDERED**, that the Plaintiffs' request for a telephone conference is denied as unnecessary; and it is further

**ORDERED**, that every party may depose the four additional individuals that will be included in the amended joint pretrial order, with each party paying the costs of their own depositions.

**SO ORDERED.**
Dated: Central Islip, New York
April 29, 2013

                                                                             */s/ Arthur D. Spatt*
                                                                         ARTHUR D. SPATT
                                                                     United States District Judge