**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MHANY MANAGEMENT INC.,

                         Plaintiff,

  -and-                               **FINAL JUDGMENT**
                                                   05-CV-2301 (ADS)(WDW)
NEW YORK COMMUNITIES FOR CHANGE,
INC.,

                         Intervenor-Plaintiff,
           -against-

INCORPORATED VILLAGE OF GARDEN
CITY AND GARDEN CITY BOARD OF
TRUSTEES,

                        Defendants.
---------------------------------------------------------X
**APPEARANCES:**

**Law Offices of Frederick K. Brewington**
*Attorneys for the Plaintiffs*
556 Peninsula Blvd.
Hempstead, New York 11550
       By:    Frederick K. Brewington, Esq., of Counsel

**Lawyers' Committee for Civil Rights Under Law**
*Attorneys for the Plaintiffs*
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
       By:    Joseph D. Rich, Esq.
                  Linda H. Mullenbach, Esq.
                  Abigail E. Shafroth, Esq., of Counsel

**Hogan Lovells US LLP**
*Attorneys for the Plaintiff Mhany Management Inc.*
875 Third Avenue
New York, New York 10022
       By:    Stanley J. Brown, Esq.
                  Peter J. Dennin, Esq.
                  Chava Brandriss, Esq.
                  Andrew J. Sein, Esq.he h
                  Sarah J. Gregory, Esq.

          Benjamin A. Fleming, Esq.
          Carol H. Cheng, Esq. Of Counsel

**Cullen and Dykman, LLP**
*Attorneys for the Defendants Incorporated Village of Garden City and Garden City Board of Trustees*
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
        By:    James G. Ryan, Esq.
                Ariel E. Ronneburger, Esq.
                Thomas B. Wassel, Esq.
                Cynthia Ann Augello, Esq.
                Douglas J. Bohn, Esq.
                Jennifer A. McLaughlin, Esq., of Counsel

**Jones Day**
*Attorneys for the Defendants Incorporated Village of Garden City and Garden City Board of Trustees*
51 Louisiana Ave N.W.
Washington, D.C. 20001
        By:    Michael A. Carvin

**SPATT, District Judge**.

## I. INTRODUCTION

A. Plaintiff MHANY Management, Inc. ("MHANY") (formerly known as New York ACORN Housing Company, Inc.), Intervenor-Plaintiff New York Communities for Change, Inc. ("NYCC") (practical successor to former Plaintiff New York Association of Community Organizations for Reform Now) (collectively, "Plaintiffs") and several individual former plaintiffs commenced this lawsuit against Defendants Incorporated Village of Garden City, the Garden City Board of Trustees (collectively, "Garden City"), and Defendant County of Nassau (the "County") on May 12, 2005 by filing a Complaint asserting claims pursuant to the Fair Housing Act, 42 U.S.C. § 3601 et seq. (the "FHA"); 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 2000d et seq.; and the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution. On February 12, 2012, the Court granted summary judgment to the County, and dismissed the case against the County.

B. The Complaint alleged that Garden City discriminatorily re-zoned approximately twenty-five acres of County-owned land located in Garden City (the "Social Services Site") to prevent affordable housing from being built, which would likely be occupied by minorities.

C. The Court conducted an 11-day bench trial commencing on June 17, 2013. After considering the evidence and the arguments submitted at the trial and the written submissions of the parties, the Court issued a Memorandum of Decision and Order dated December 6, 2013. In that Decision and Order, the Court found that Garden City acted with discriminatory intent in re-zoning the Social Services Site. The Court further found Garden City liable under (1) the FHA, based on theories of both disparate treatment and disparate impact; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1983; and (4) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## II. JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 3613 and 28 U.S.C. §§ 1343 and 2201.

## III. DISMISSAL OF NASSAU COUNTY

Pursuant to this Court's February 15, 2012 order granting summary judgment to the County, the Clerk of Court is directed to enter a final judgment of dismissal as to the County.

## IV. GENERAL NON-DISCRIMINATION

In accordance with the laws of the United States, Garden City shall not take any action:

A. Interfering in any way with any person in the exercise of his or her right under the law to secure equal housing opportunities for himself, herself, or others, or any other right enjoyed under the FHA;

B. Interfering with the development or acquisition of any affordable housing units because of race, color, or national origin; and

C. Discriminating because of race, color, or national origin in any aspect of the enactment or administration of zoning, land use, special permit, or building ordinance laws, policies, practices, requirements, or processes relating to residential property.

## V. FAIR HOUSING RESOLUTION

Within sixty days of the date of this Judgment, Garden City shall adopt a Fair Housing Resolution setting forth the fair housing policy of Garden City as it relates to zoning and land use: to assure equal housing opportunities and nondiscrimination in its zoning and other land use processes.

## VI. REZONING THE SOCIAL SERVICES SITE

In the event the County announces, within one year of the date of this Judgment, that it intends to sell the Social Services Site for residential development, Garden City shall, within thirty days of being notified of that announcement, begin the process of rezoning the Social Services Site with the R-M zoning designation so as to allow for residential multifamily development on the Social Services Site as of right, with no additional permitting or variance processes required. The Social Services Site shall be rezoned R-M no later than ninety days from the date Garden City is notified of the County's intent under this section, provided all the requirements of the State Environmental Quality Review Act are met.

## VII. PARTICIPATION IN THE NASSAU COUNTY URBAN CONSORTIUM

In the event the County does not announce, within one year of the date of this judgment, that it intends to sell the Social Services Site for residential development, or, if the County so announces, but does not actually sell the Social Services Site for residential development within two years of the date of this Judgment, Garden City shall immediately – at the expiration of either the one year or two year period, as appropriate – apply to become a member of the Nassau County Urban Consortium (the "Consortium").

Once accepted as a member of the Consortium, Garden City shall participate in Consortium activities in good faith.

## VIII. AFFORDABLE HOUSING REQUIREMENT

A. "Affordable Housing" as used in this section refers to housing for which a family whose income is 80% or less of the Nassau-Suffolk Metropolitan Statistical Area Median Income (to include families defined by the Department of Housing and Urban Development ("HUD") as "low income," "very low income," or "extremely low income"), pays no more than 30% of its income.

B. In the event the County does not announce, within one year of the date of this Judgment, that it intends to sell the Social Services Site for residential development, or the County so announces, but does not actually sell the Social Services Site for residential development within two years of the date of this Judgment, Garden City shall immediately – at the expiration of either the one year or two year period, as appropriate – require that ten percent of newly constructed residential developments of five units or more be reserved for Affordable Housing, as follows:

    1. Garden City will require that, when Garden City approves a subdivision

plat or site plan for five or more residential units or approves a mixed-use development that incorporates five or more residential units, the applicant shall receive a density bonus or other incentive pursuant to a written agreement between the applicant and Garden City, and Garden City shall require of the applicant: (a) to set aside at least ten percent of such units for Affordable Housing on the site; or (b) the provision of other land and the construction of the required Affordable Housing units that are not part of the applicant's current subdivision plat or site plan but are to be provided on another site within Garden City.

  2. "Density bonus" means a density increase of at least ten percent over the otherwise maximum allowable residential density or floor area ratio if part of a mixed use development under the Village of Garden City Zoning Code (the "Code") and Comprehensive Plan (the "Plan") as of the date of the application by the applicant to Garden City. All density calculations resulting in fractional units shall be rounded to the nearest whole number.

  3. Applicants for residential unit development in Garden City may not avoid this Affordable Housing set-aside by opting to build at less than maximum density under the Code and Plan.

  4. Applicants for residential unit development in Garden City may not "buy out" of this Affordable Housing set-aside requirement.

  5. Garden City will ensure that all Affordable Housing units remain Affordable Housing through the use of deed restrictions.

## IX. FAIR HOUSING TRAINING

 A. Garden City shall implement an annual fair housing training program for all elected Garden City officials, and for all officials and Garden City employees who have duties related to the planning, zoning, permitting, construction, or occupancy of residential housing.

The primary purpose of this training program is to educate those persons with respect to the requirements of this Judgment, the FHA, and state and local fair housing laws.

      B. The fair housing training shall be conducted by a qualified third party entity or individual, mutually agreed upon by the parties, that has experience providing fair housing training.

      C. Each year, at least one time per calendar year, Garden City shall provide in person training of the requirements of this Judgment, the FHA, and state and local fair housing laws. All elected officials, and all officials and employees who have duties related to the planning, zoning, permitting, construction, or occupancy of residential housing shall be required to attend the in-person training within the first year after this Judgment. All newly elected officials, and all newly appointed officials and hired employees who have duties related to the planning, zoning, permitting, construction, or occupancy of residential housing shall be required to attend the in-person training within one year of their election, appointment or hiring.

      D. Each person who attends an in-person training session shall sign a form attesting to the fact that he or she completed the training and the date on which it was completed. All training certification forms shall be maintained by Garden City for five years from the date of signature, and made publicly available upon request to the Garden City Village Clerk.

## X. FUNDING OF RELIEF

Garden City shall take reasonable measures to fund the relief required by this Judgment.

## XI. IMPLEMENTATION AND ENFORCEMENT OF THIS JUDGMENT

      A. Fair Housing Compliance Officer: Within ninety days of the date of this Judgment, Garden City shall appoint a person who shall serve as Garden City's Fair Housing Compliance Officer ("FHCO"). The FHCO may not be a current or past employee or elected

official of Garden City, but rather, shall be a third-party independent contractor mutually agreed upon by the parties. Garden City shall at all times during the term of this Judgment maintain a FHCO. The FHCO shall:

    1. oversee Garden City's compliance with this Judgment and maintain copies of this Judgment; and

    2. receive and review complaints of alleged housing discrimination against Garden City.

  B. Record-Keeping Requirements: Garden City shall retain and preserve all records, forms, logs, reports, and other written documents, including electronic records and files, that are relevant to compliance with this Judgment. Garden City shall be responsible for maintaining and preserving, or supervising the maintenance and preservation of, these records. These records shall be maintained for so long as the Court retains jurisdiction over this action, as set out below in Section XIV.

  C. Compliance Reports: Garden City shall provide annual reports ("Compliance Reports"), beginning six months after the date of this Judgment, identifying all actions taken by Garden City to comply with the terms of this Judgment so long as the Court retains jurisdiction over this action, as set out below in Section XIV. The Compliance Reports shall be made publicly available and shall be able to be obtained by submission of a written request to the Garden City Village Clerk. Garden City shall also provide the Compliance Reports to the Court. The following information shall be included in the Compliance Reports:

    1. A description of all actions taken by Garden City to comply with the terms of this Judgment;

    2. A description of the Fair Housing Training required by this Judgment;

3. Any requests for zone changes received by Garden City to accommodate residential housing development for five or more units;

4. Any proposals for residential development of five (5) or more units that have been submitted by the Village.

5. Any written complaint received by Garden City alleging discrimination by Garden City related to zoning or fair housing, with a report of the action taken by Garden City in response to such complaint, including court filings, etc.; and

D. Notice: All notices or writings required to be provided under this Judgment shall be addressed to counsel for the parties.

## XII. TIME FOR COMPLIANCE AND PROCEDURE FOR NON-COMPLIANCE

A. Garden City's duties and obligations regarding enacting a Fair Housing Resolution as set out above in Section V, conducting Fair Housing Training as set out above in Section IX, and appointment and maintenance of a FHCO as set out above in Section XI.A shall expire four years after the date of this Judgment.

B. The requirement of a non-discrimination injunction as set out above in Section IV has no time limitation.

C. Garden City's duties and obligations regarding rezoning the Social Services Site for residential multifamily housing development (R-M) as set out above in Section VI, joining the Consortium as set out above in Section VII, requiring Affordable Housing as set out above in Section VIII, and expending sums to fund the relief required by this Judgment as set out above in Section X shall expire five years after the date of this Judgment.

## XIII. ATTORNEYS' FEES AND COSTS

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the Plaintiffs shall have fourteen

days from the date this Judgment is entered to file a petition for attorneys' fees and costs. See 42 U.S.C. § 3613(c) and 42 U.S.C. § 1988(b).

## XIV. RETENTION OF JURISDICTION

A. This Court retains jurisdiction over the action until Garden City has fulfilled all of its obligations under this Judgment, as determined by the Court, for the purpose of enforcing any of its provisions and terms.

B. The parties shall work cooperatively with one another and in good faith and should use their best efforts to effectuate the purposes of this Judgment and to resolve informally any differences regarding interpretation of and compliance with this Judgment prior to bringing such matters to the Court for resolution.

C. The parties shall have the right to seek from the Court relevant modifications of this Judgment to ensure that its purposes are fully satisfied, provided that any request for a modification has been preceded by good faith negotiations between the parties. The parties may agree in writing to modify the deadlines established in this Judgment without Court approval, but such a writing must be filed with the Court.

D. The Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 22, 2014

*Arthur D. Spatt*

ARTHUR D. SPATT
United States District Judge