UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MHANY Management, Inc.,

                            Plaintiffs,                      Case No. 05-CV-2301
                                                                        (ADS)(WDW)

    -and-

New York Communities for Change, Inc.,

                           Intervenor-Plaintiff,

    -against-

Incorporated Village of Garden City,
and Garden City Board of Trustees,

                           Defendants.
----------------------------------------------------------------------x

## DEFENDANTS INCORPORATED VILLAGE OF GARDEN CITY AND THE GARDEN CITY BOARD OF TRUSTEES' REPLY MEMORANDUM



*CULLENandDYKMANLLP*

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 296-9155

# TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ................................................... 1

ARGUMENT ................................................................. 1

POINT I

    THE STATUS QUO MERITS DEFERRAL
    OF THE MOTION ON FEES ............................................ 1

CONCLUSION ................................................................ 5

# TABLE OF AUTHORITIES

**Page No.**

*CDR-Wantagh, Inc. v. Rivera*, 07-CV-4497,
2012 U.S. Dist. LEXIS 1407, at *4 (E.D.N.Y. January 5, 2012) .............................. 2

*Indigo Room, Inc. v. City of Fort Myers*,
2:12-CV-39-FEM-38cm, 2014 U.S. Dist. LEXIS 38411 (M.D. Fla. March 21, 2014) .......... 2

*Joseph v. Las Vegas Metro. Police Dep't*,
2:09-CV-00966-HDM-LRL, 2011 U.S. Dist. LEXIS 121237 (D. Nev. Oct. 18, 2011) ......... 2

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
12-CV-1067 – BEN (JLB) 2014 U.S. Dist. LEXIS 89567 (S.D. Cal., June 24, 2014) ......... 2

*Southern-Owners Ins. Co. v. Wall 2 Walls Constr. LLC*,
8:12-CV-1922-T-33TBM, 2013 U.S. Dist. LEXIS 182021
(M.D. Fla., December 31, 2013) ...................................................... 2

*Zomber v. Stolz*, 09-CV-4637, 2012
U.S. Dist. LEXIS 15742 at *2 (E.D.N.Y. January 26, 2012) ............................. 2

# MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted by the Defendants, the Incorporated Village of Garden City and the Garden City Board of Trustees (hereinafter the "Village"). It briefly responds to Plaintiffs' opposition to the Village's motion requesting that this Court defer its ruling on Plaintiffs' motion for attorneys' fees until after the Second Circuit has rendered its decision on the pending appeal from this Court's April 22, 2014 Judgment ("Judgment").

Ignoring the numerous precedents the Village provided in support of the requested relief, Plaintiffs insist that their attorneys require immediate compensation. As demonstrated in the Village's moving papers, the many, significant issues currently on appeal and the combined complexity of Plaintiffs' fee application, as well as the Village's opposition thereto, suggest that deferral is appropriate.

## ARGUMENT

### THE STATUS QUO MERITS DEFERRAL OF THE MOTION ON FEES

As seen in the numerous cases and the Advisory Committee note to Federal Rule of Civil Procedure 54(d) cited in the Village's moving memorandum, it is within this Court's discretion to defer its ruling (and necessarily the attendant matters thereto, such as a hearing and/or further affidavit testimony on the propriety of the fees at issue, which must be addressed before a decision on the fee dispute can be rendered) while the appeal pending from this Court's Judgment takes its course. Nevertheless, Plaintiffs wholly ignore the rather recent cases cited by

the Village arising out of this Court supporting deferral. *See Zomber v. Stolz*, 09-CV-4637, 2012 U.S. Dist. LEXIS 15742 at *2 (E.D.N.Y. January 26, 2012); *CDR-Wantagh, Inc. v. Rivera*, 07-cv-4497, 2012 U.S. Dist. LEXIS 1407, at *4 (E.D.N.Y. January 5, 2012). Moreover, myriad decisions also support the proposition that deferral is appropriate where, as here, "the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed.R.Civ.P. 58, Advisory Committee's note (1993 amendment); *See Pacing Techs., LLC v. Garmin Int'l, Inc.,* 12-CV-1067 – BEN(JLB) 2014 U.S. Dist. LEXIS 89567 (S.D. Cal., June 24, 2014); *Indigo Room, Inc. v. City of Fort Myers,* 2:12-CV-39-FEM-38cm, 2014 U.S. Dist. LEXIS 38411 (M.D. Fla. March 21, 2014); *Southern-Owners Ins. Co. v. Wall 2 Walls Constr. LLC,* 8:12-CV-1922-T-33TBM, 2013 U.S. Dist. LEXIS 182021 (M.D. Fla., December 31, 2013); *Joseph v. Las Vegas Metro. Police Dep't.*, 2:09-CV-00966-HDM-LRL, 2011 U.S. Dist. LEXIS 121237 (D. Nev. Oct. 18, 2011).

Plaintiffs nevertheless argue that deferral is inappropriate because, they suggest, any appeal arising from this Court's eventual ruling on the attorneys' fees issue easily can be consolidated with the current appeals (by both parties) from this Court's Judgment. Plaintiffs are simply incorrect purely for temporal reasons. The Village's brief has been filed and Plaintiffs' main brief in support of their appeal is due, at their request, at the end of October. Second Cir. No. 14-1634, Docket Entry 90. Pragmatically, therefore, it is virtually impossible that any appeal from the motion for fees will be consolidated with the pending appeal from the Judgment. In order to resolve the fee dispute, the parties would need to conduct additional discovery, this Court would then have to hold a hearing, and it would have to render a decision. Even if all of this additional work could be completed by the end of October, there would still

not be enough time to consolidate the cases, because whoever lost the fee dispute would have 30 days in which to file a notice of appeal and then 90 days in which to file its opening brief. After that, the victorious party would have another 90 days in which to draft its response, and the appellant would have 14 days in which to file its reply brief. The schedule would drag on even longer if *both* sides appeal the fee award. In other words, the fee appeal(s) would likely not be briefed before the Second Circuit until mid-July 2015, months after the appeal from the Judgment briefing was fully submitted in early 2015, and likely after oral argument. Thus, a decision by this Court on the fee dispute, prior to a decision on the appeal from the Judgment, will not further judicial economy because any appeal of the fee dispute will not be consolidated with the pending appeal.

Moreover, the Village's appeal addresses standing and mootness, two critical and fundamental issues of subject matter jurisdiction. This Court found against the Village on both issues and, it is respectfully submitted, in so doing, this Court expanded the breadth of both of those jurisdictional constraints. Consequently, if upheld, the decision could be the springboard for future suits of this type. Conversely, if reversed, Plaintiffs necessarily did not have the ability to maintain this action and/or lost the ability to do so when the County of Nassau took the Social Services site off the market and thus are not entitled to attorneys' fees. As such, the level of Plaintiffs' success on the merits and their entitlement to an award of attorneys' fees, if any, can be viewed with pristine clarity after appellate review. As such, it is respectfully submitted that deferral will aid the Court in assessing the proper fee award, if any.

The cases cited by Plaintiffs in their opposition papers do not affect this reality. Those cases all stand for the simple proposition that where unremarkable issues are the subject of an appeal and the attorney fee request at issue is similarly unremarkable, the appeals may be heard

3

simultaneously due to the expedient dispatch with which the trial court could necessarily address the fee application. Plaintiffs cannot possibly suggest that either situation currently exists given the complexity of the appellate issues and especially when they are seeking over $6 million in fees and costs.

Finally, it is also quite germane to the determination of this motion that Plaintiffs' counsel's website contains a detailed description of this case under its *pro bono* efforts. While the description of the status of the matter is a bit dated, the fact remains that counsel advertised to the world that it handled this matter on a *pro bono* basis. *See*, http://www.hoganlovells.com/probono/rights/. That announcement confirms that Counsel's position herein is in marked contrast with the more typical arrangement between a client and counsel in plaintiffs' civil rights matters wherein counsel agrees to handle the matter on a contingent fee basis and counsel is paid a fee only if the matter concludes with a monetary recovery to the plaintiff. By its own aforementioned admission on its website, that was not the arrangement at issue here; *pro bono* by definition means "being involving or doing professional and especially legal work donated for the public good. (*MerriamWebster.com/dictionary/pro%20bono*) To argue otherwise raises the question as to how counsel could legitimately publicize to the world that the firm was handling the matter for free under its *pro bono* program and yet have expected payment.

Given that Plaintiffs' lead counsel has over 2,500 attorneys in their firm in more than 40 offices across the globe, it indeed makes sense that a firm with those remarkable resources can and did take on this matter on a *pro bono* basis. *See*, http://www.hoganlovells.com/aboutus/overview. In fact, the firm's annual revenues for 2013 approached $1.8 billion according to published reports. *See*, http://www.legalweek.com/legal-week/news/156629/lovells-enter-global-securing-hogan-merger-vote. With both the manpower and incredible

4

financial resources to do so, Plaintiffs' counsel has justifiably developed a significant reputation as a provider of *pro bono* services for which it deserves commendation. However, it does not deserve compensation, at least not at this time.

## CONCLUSION

For the foregoing reasons and as stated more fully in its moving papers, the Village submits that it would be more efficient for this Court to consider Plaintiffs' motion for attorneys' fees after the appeal has been resolved and should therefore defer a decision on that motion until that resolution.

Dated: Garden City, New York
September 05, 2014

Respectfully submitted,

CULLEN AND DYKMAN LLP

By: _____
James G. Ryan (JGR-9446)
Attorneys for Defendants
100 Quentin Roosevelt Boulevard
Garden City, New York  11530
516-357-3700