**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MHANY MANAGEMENT INC.,

                             Plaintiff,

  -and-                                    **SHORT ORDER**
                                                    05-CV-2301 (ADS)(WDW)
NEW YORK COMMUNITIES FOR CHANGE, INC.,

                          Intervenor-Plaintiff,
            -against-

INCORPORATED VILLAGE OF GARDEN
CITY AND GARDEN CITY BOARD OF
TRUSTEES,

                          Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Law Offices of Frederick K. Brewington**
*Attorneys for the Plaintiffs*
556 Peninsula Blvd.
Hempstead, New York 11550
        By:    Frederick K. Brewington, Esq., of Counsel

**Lawyers' Committee for Civil Rights Under Law**
*Attorneys for the Plaintiffs*
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
        By:    Joseph D. Rich, Esq.
                  Linda H. Mullenbach, Esq.
                  Abigail E. Shafroth, Esq., of Counsel

**Hogan Lovells US LLP**
*Attorneys for the Plaintiff Mhany Management Inc.*
875 Third Avenue
New York, New York 10022
        By:    Stanley J. Brown, Esq.
                  Peter J. Dennin, Esq.
                  Chava Brandriss, Esq.
                  Andrew J. Sein, Esq.he h
                  Sarah J. Gregory, Esq.

                Benjamin A. Fleming, Esq.
                Carol H. Cheng, Esq. Of Counsel

**Cullen and Dykman, LLP**
*Attorneys for the Defendants Incorporated Village of Garden City and Garden City Board of Trustees*
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
        By:     James G. Ryan, Esq.
                Ariel E. Ronneburger, Esq.
                Thomas B. Wassel, Esq.
                Cynthia Ann Augello, Esq.
                Douglas J. Bohn, Esq.
                Jennifer A. McLaughlin, Esq., of Counsel

**Jones Day**
*Attorneys for the Defendants Incorporated Village of Garden City and Garden City Board of Trustees*
51 Louisiana Ave N.W.
Washington, D.C. 20001
        By:     Michael A. Carvin, Esq., Of Counsel

**SPATT, District Judge**.

Familiarity with the procedural and factual history of this case is presumed. By way of background, by Memorandum of Decision and Order dated December 6, 2013, the Court found, after a bench trial, that the Plaintiff MHANY Management, Inc. and Plaintiff-Intervenor New York Communities for Change, Inc. (collectively the "Plaintiffs") established the liability of the Defendants the Incorporated Village of Garden City and the Garden City Board of Trustees ("Garden City") under (1) the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"), based on theories of both disparate intent and disparate impact; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1983; and (4) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

A "Final Judgment" containing various forms of injunctive relief against the Defendants was entered on April 22, 2014. As part of the Final Judgment and under Federal Rule of Civil

Procedure ("Fed. R. Civ. P.") 54(d)(2)(B), the Plaintiffs were given fourteen days from the date of the judgment to file an application for attorneys' fees and costs. Following a court-approved extension of this deadline, on May 15, 2014, the Plaintiffs filed a motion for attorneys' fees and costs, seeking over $5.6 million in total.

In the interim, on May 5, 2014, Garden City filed an appeal of the Final Judgment (the "Garden City Merits Appeal") to the United States Court of Appeals for the Second Circuit. The Garden City Merits Appeal is pending. Also pending before the Second Circuit is an appeal by the Plaintiffs of that part of the Final Judgment dismissing the Defendant County of Nassau from this action.

On July 2, 2014, Garden City opposed the motion for attorneys' fees and separately moved pursuant to Fed. R. Civ. P. 54(d)(2)(B) to defer a ruling on the Plaintiffs' motion for attorneys' fees until after the Second Circuit renders a decision on the Garden City Merits Appeal.

"Where the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees." Gill v. Bausch & Lomb Supplemental Ret. Income Plan I, 6:09-CV-6043 (MAT), 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014)(citing 1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d)(stating that "if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) [of Rule 54] a new period for filing after the appeal has been resolved")).

Here, the Court notes that a Second Circuit reversal of that part of the Final Judgment finding Garden City liable would moot the Plaintiffs' motion for attorneys' fees because the

3

Plaintiffs would no longer be "prevailing part[ies]" entitled to such fees under 42 U.S.C. § 3613(c)(2) and 42 U.S.C. § 1988(b). In other words, "deferring a ruling on [the P]laintiffs' motion for attorneys' fees until the Second Circuit resolves [the Garden City Merits A]ppeal ensures that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails." Doe ex rel. Doe v. E. Lyme Bd. of Educ., 3:11 CV 291 (JBA), 2014 WL 4370504, at *2 (D. Conn. Sept. 2, 2014)(citing Gill, 2014 WL 1404902, at * 1). And, as in Gill, "[u]nder these circumstances, the Court finds that delaying resolution of [the P]laintiffs' request for attorneys' fees until [Garden City's] appeal on the merits has been decided is the more prudent course of action." Id. (internal quotations & citations omitted).

To be sure, deferring a ruling on attorneys' fees until resolution of the Garden City Merits Appeal would preclude possible consolidation of that appeal with an appeal of an order of this Court on fees and costs, and could produce piecemeal appeals, which are disfavored in this circuit. Lake v. Schoharie Cnty. Com'r of Soc. Servs., CIVA901CV1284 (NAM)(DEP), 2006 WL 1891141, at *3 n. 2 (N.D.N.Y. May 16, 2006)("While additional motion practice to address the issue of additional attorneys' fees incurred in connection with the pending appeal and any subsequent proceedings in this court, should plaintiff's claims survive on appeal, may well be unavoidable, this possible eventuality does not provide a basis to defer ruling upon the pending fee application. To accept defendants' argument and defer a ruling on the attorneys' fees issue until resolution of the pending cross-appeals would almost certainly prompt a second appellate challenge and, accordingly, would run contrary to the Second Circuit's teaching that Rule 54(d) and its time limit was intended to avoid piecemeal appeals by consolidating of appellate resolution of issues of the type now raised by the parties in opposition to plaintiff's fee application with other, substantive arguments raised on appeal.").

4

However, even if this Court resolved the Plaintiffs' fee application before the Second Circuit ruled on the Garden City Merits Appeal, there is no certainty that the Second Circuit would consolidate an appeal from this Court's order on fees with the pending cross-appeals. Further, with regard to the pending cross-appeals, "there is likely to be a myriad of issues before the Second Circuit beyond the merits of the case," including standing and mootness, and the Plaintiffs are likely to seek supplemental attorneys' fees for the present fee application if they prevail on liability before the Second Circuit. Doe ex rel. Doe, 2014 WL 4370504, at *2. Thus, "this case is not likely to be finished even after the Second Circuit rules upon the cross-appeals, and given the course of litigation to date, could well find its way back to the Second Circuit a second time" in any event. Id.; see also Matsumura v. Benihana Nat'l Corp., No. 06 Civ 7609 (NRB), 2014 WL 1553638, at *6 (S.D.N.Y. Apr. 17, 2014)(denying the defendant's motion for attorneys' fees without prejudice and deferring consideration thereof until after the Second Circuit addressed the merits of the plaintiffs' pending appeal)(citing Tancredi v. Metro. Life Ins. Co., 378 F.2d 220, 225–26 (2d Cir. 2004)).

Further, the Court identifies little, if any, prejudice to the Plaintiffs by delaying resolution of the Plaintiffs' request for fees until after the Garden City Merits Appeal has been decided because interest on any fee award would continue to run on the amount due and owing.

The Defendants do not seek to defer a ruling on costs, and in fact, in their memorandum in opposition to the Plaintiffs' motion for fees and costs, the Defendants do not challenge the Plaintiffs' request for costs. However, as costs awarded under 42 U.S.C. § 1988 and the FHA are also limited to the "prevailing party" in a litigation, the Court exercises its discretion in the interests of judicial economy and defers ruling on the Plaintiffs' application for costs until after the Second Circuit has resolved the cross-appeals.

5

Accordingly, the Court (1) grants Garden City's motion to defer ruling on the Plaintiffs' motion for attorneys' fees until after the Second Circuit renders a decision on the Garden City Merits Appeal and (2) the Plaintiffs' motion for attorneys' fees and costs is denied without prejudice to renew such motion no later than fourteen (14) days after the date a ruling on the merits of the cross-appeals by the Second Circuit is entered on the docket of this district court. Gill, 2014 WL 1404902, at *3; Matsumura, 2014 WL 1553638, at *6.

**SO ORDERED.**
Dated: Central Islip, New York
September 11, 2014

                                        *Arthur D. Spatt*

                                        ARTHUR D. SPATT
                                        United States District Judge