# QUATELA | CHIMERI PLLC

JOSEPH A. QUATELA
CHRISTOPHER J. CHIMERI
_____

SCOTT J. KREPPEIN
NICOLE J. BRODSKY*
ALEXANDER E. SENDROWITZ
SOPHIA ARZOUMANIDIS
GLENN R. JERSEY III**

*ALSO ADMITTED IN NEW JERSEY
**AWAITING ADMISSION

OF COUNSEL

JAMES N. SALVAGE JR.
JAMES A. PASCARELLA

November 21, 2017

***Via ECF***
Hon. Arlene R. Lindsay
U.S. District Court, EDNY
814 Federal Plaza
Central Islip, NY 11722

      Re:    Mhany Mgmt v. County of Nassau
                 Docket No. 05-cv-2301 (ADS)(ARL)

Dear Judge Lindsay:

      I represent the County of Nassau in the above-referenced matter, and I am writing in response to Plaintiff's November 17, 2017 letter motion to compel disclosure of various items.

      Contrary to Plaintiff's allegations, the County has been extraordinarily cooperative with Plaintiff's increasingly burdensome discovery requests, including: (a) providing multiple rounds of supplemental disclosures and interrogatory responses; (b) providing a team of Plaintiff's attorneys with broad access to the Nassau County Department of Housing's records as they are kept in the ordinary course of business; and (c) scanning and providing electronic copies of thousands of pages of documents, including the underlying files for two dozen projects.

      In contrast, nearly three months ago, on August 23, 2017, I served Plaintiff with relatively straight-forward supplemental interrogatories (eighteen questions; totaling five pages). Despite repeated requests, and multiple meet-and-confer conference calls, Plaintiff had not yet responded at the time this motion was filed. Plaintiff has subsequently responded, today.

      **I.**     **ELECTRONICALLY STORED INFORMATION**

      The County has responded and repeatedly supplemented its responses to Plaintiff's demands. Plaintiff's most recent round of demands for ESI searches were struck by the Court as overbroad during our July 11, 2017 conference, and there are no outstanding demands for ESI searches. Over the last three months, opposing counsel and I have discussed the issue on several occasions, and

Plaintiff has requested an informal interview or discussion between the County's IT staff and their outside vendor so as to craft new demands.

During this same period, while the County has responded to additional requests and produced an enormous volume of additional records, Plaintiff has refused and/or failed to respond to a simple set of interrogatories. I am not opposed to working with the County's IT Staff to assist Plaintiff in crafting reasonable requests, but cooperation needs to be reciprocal. Moreover, the interrogatories (which were outstanding until today) sought clarification as to Plaintiff's claims, including which Department and programs Plaintiff's claims relate to, which would aid in narrowing the scope of electronic searches. Accordingly, prior to engaging in further discussions regarding an informal collaborative process with between the County's IT staff and Plaintiff's IT vendor, I asked Plaintiff respond to interrogatory requests, and they did not do so until today.

## II.   CITIZEN COMMENTS

This request is a fishing expedition. A demand for all communications with any person regarding "use, sale, lease, or any other transfer of land owned by Nassau County" for the last half century is palpably overbroad on its face. Plaintiff has not re-phrased this into an appropriate demand, but we have engaged in repeated discussions attempting to narrow the request and determine whether the demand can be appropriately narrowed.

As indicated in Plaintiff's letter application, the County previously provided citizen comments in connection with Plaintiff's claims regarding the Ring Road site, which related to a specific transaction and a specific piece of property. However, Plaintiff's claims against the County with respect to this transaction were dismissed, and that dismissal was affirmed by the Second Circuit.

As clarified in Plaintiff's recently-provided interrogatory response, annexed hereto as Exhibit **A**, neither of Plaintiff's remaining claims (42 U.S.C. § 3604(a) and 42 U.S.C. § 2000d) relate to the use, sale, or lease of County owned land. Accordingly, this demand does not seek information that is relevant to Plaintiff's remaining claims.

## III.   COMMUNICATIONS RE 2015 HUD FILINGS

Plaintiff's request for communications regarding the 2015 HUD filings has been more than fully responded to; and, today, we received a subpoena from Plaintiff to the County's outside consultant seeking further information.

Among other things, on October 4, 2017, via email, annexed hereto as Exhibit **B**, I provided Plaintiff with further clarification on the issue, as well as the native electronic files for the MS Word documents that constituted the working copies of the submissions (including the comments and revision history by the drafters).

Plaintiff's letter does not accurately describe the issue. The 2015 five-year consolidated plan is an entirely different document than the preceding consolidated plans. It was prepared with the assistance of a different consulting firm, and was the first consolidated plan submitted after HUD created new templates and an online submission system in 2012.

Accordingly, it is not merely a change of a few phrases, but a different document and a different submission process. In context, the phrase "currently targets its comprehensive community development efforts in several lower income areas" in the prior five-year plans was part of a section on market conditions that provided demographic data and, in the paragraph

immediately preceding this quote, explained that only "low and moderate income" households are "eligible to participate in several Federal housing programs." Similar information is contained in the 2015 version of the submissions, with a detailed analysis, but the phrasing of the document is different because it is a different document. Plaintiff's assumption that the County is in possession of further documents evidencing the deliberative process is, based upon all of the information I have available, incorrect.

### IV.   VERIFIED RESPONSE

Further supplemental interrogatory responses were provided on July 7, 2017 and October 3, 2017, but the verified was delayed. The responses contain over fifty pages of information, portions of which were derived from a variety of different sources, and it was unclear who would provide a verification. Pursuant to Rule 33(b)(1)(b), the interrogatory response by a public corporation or governmental agency would be verified by "any officer or agent, who must furnish he information available to the party." Generally, the Assistant or Deputy County Attorney gathering the information would verify the response. Here, however, I gathered the information, which was extensive and multi-faceted. Accordingly, I have provided verifications, under my own name, as an attorney representing the County of Nassau and "agent" of the municipality for that purpose pursuant to Rule 33.

### **CONCLUSION**

WHEREFORE, it is respectfully requested that Plaintiff's motion be denied in its entirety.

Very truly yours,

/s/

SCOTT J. KREPPEIN