UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MHANY MANAGEMENT INC., | : |
| Plaintiff, | : |
| -and- | : |
| NEW YORK COMMUNITIES FOR CHANGE, INC., | : Case No. 05-cv-2301 (ADS) (ARL) |
| Intervenor-Plaintiff, | : |
| -against- | : |
| INCORPORATED VILLAGE OF GARDEN CITY, GARDEN CITY BOARD OF TRUSTEES, and COUNTY OF NASSAU, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PARTIAL FINAL JUDGMENT AS AGAINST DEFENDANTS INCORPORATED VILLAGE OF GARDEN CITY AND GARDEN CITY BOARD OF TRUSTEES

**Spatt, District Judge.**

WHEREAS, Plaintiff MHANY Management, Inc. and Intervenor-Plaintiff New York Communities for Change, Inc. (collectively, "Plaintiffs") brought this lawsuit against Defendants Incorporated Village of Garden City and the Garden City Board of Trustees (collectively, "Garden City"), and Defendant County of Nassau (the "County") asserting claims pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"); 42 U.S.C. §§ 1981-83; 42 U.S.C. § 2000d *et seq.*; and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

WHEREAS, on February 12, 2012, the Court granted the County's motion for summary judgment and dismissed the County from the case;

1

WHEREAS, after an eleven-day bench trial held in June and July of 2013, this Court found Garden City liable under the FHA based on theories of disparate treatment and disparate impact, and liable under 42 U.S.C. § 1981, 42 U.S.C. §1983, and the Equal Protection Clause on a theory of disparate treatment, as set forth in the Court's December 6, 2013 Memorandum and Order (the "December 2013 Order");

WHEREAS, on April 22, 2014, this Court entered a final judgment that, *inter alia*, granted Plaintiffs certain relief against the Village and served as a final judgment dismissing the County from the case (the "2014 Judgment");

WHEREAS, Plaintiffs appealed this Court's grant of summary judgment to the County, and Garden City appealed from the Court's 2014 Judgment and the Court's post-trial rulings, embodied in the December 2013 Order, holding Garden City liable;

WHEREAS, on March 23, 2016, the United States Court of Appeals for the Second Circuit issued a decision: (1) affirming the 2014 Judgment and the Court's holding that Garden City was liable on a theory of disparate treatment; (2) vacating the 2014 Judgment insofar as it found Garden City liable on a disparate impact theory, and remanding for further consideration of whether, under 24 C.F.R. § 100.500(c), Plaintiffs had met their burden of proving that the "substantial legitimate, nondiscriminatory interests supporting the challenged practice could be served by another practice that has a less discriminatory effect"; and (3) vacating this Court's grant of summary judgment to the County on the Plaintiffs' claims under Section 804(a) of the FHA and 42 U.S.C. § 2000d, which alleged that the County impermissibly and intentionally steers affordable housing to areas of the County primarily occupied by minorities, thus perpetuating segregation (the "Steering Claims"), and remanding for further consideration of those claims;

WHEREAS, on June 17, 2016, the Court extended the time periods during which certain of Garden City's remedial obligations under the 2014 Judgment would run (the "Judgment Extension Order");

WHEREAS, on September 20, 2017, pursuant to the Second Circuit's order on remand, this Court issued a Memorandum of Decision and Order finding that Plaintiffs at trial had met their burden under 24 C.F.R. § 100.500(c), and reaffirming its holding that Garden City is liable under a theory of disparate impact.

WHEREAS, discovery on Plaintiffs' Steering Claims against the County remains in progress, and it will be some time before those claims are finally resolved;

WHEREAS, Garden City is not a party to the Steering Claims;

WHEREAS, all issues regarding Plaintiffs' claims against Garden City have now been fully and finally resolved,

NOW, THEREFORE, THE COURT finds that, under these circumstances, there is no just reason for delay in entering a partial final judgment in this case against Garden City;

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED, pursuant to Federal Rule of Civil Procedure 54(b), that final judgment is entered against Garden City on the terms set forth in the 2014 Judgment, as modified by the Court in the Judgment Extension Order.

**SO ORDERED.**

Dated: Central Islip, New York
November 30, 2017

    /s/ Arthur D. Spatt
_____
ARTHUR D. SPATT
United States District Judge