UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MHANY Management, Inc.,

                        Plaintiffs,                    Case No. 05-CV-2301
                                                                   (ADS)(WDW)

    -and-

New York Communities for Change, Inc.,

                              Intervenor-Plaintiff,

    -against-

Incorporated Village of Garden City,
and Garden City Board of Trustees,

                              Defendants.

-------------------------------------------------------------------------x

## DEFENDANTS INCORPORATED VILLAGE OF GARDEN CITY AND THE GARDEN CITY BOARD OF TRUSTEES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSIDER AND DECIDE PLAINTIFFS' FULLY BRIEFED MOTION FOR ATTORNEYS' FEES AND COSTS AND EXTEND THE TIME FOR ANY SUPPLEMENTAL MOTION FOR FEES



CULLEN and DYKMAN LLP

100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 296-9155

# TABLE OF CONTENTS

Page No.

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY OF PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT I

    PLAINTIFFS' REQUEST IS AN ATTEMPT TO DOWNPLAY
    THE EXTRAORDINARY AMOUNT OF ATTORNEYS' FEES
    THEY SEEK FOR THIS MATTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT II

    PLAINTIFFS' REQUEST FOR THE COURT TO RENDER A
    DECISION ON THE INITIAL FEE MOTION AND THEN
    DECIDE A SUBSEQUENT FEE MOTION IS A WASTE OF
    JUDICIAL RESOURCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    POINT III

    DELAYING THE DETERMINATION OF FEES IS PREJUDICIAL
    TO THE VILLAGE BECAUSE IT ALLOWS INTEREST TO
    KEEP ACCRUING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **INTRODUCTION**

Defendants the Incorporated Village of Garden City and the Garden City Board of Trustees (collectively "the Village" or "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff MHANY Management Inc. and Intervenor-Plaintiff New York Communities for Change, Inc.'s (collectively "Plaintiffs") motion requesting that the Court make a determination on Plaintiffs' initial motion for attorneys' fees and costs filed on May 15, 2014 (the "Initial Fee Motion") and extend the Plaintiffs' time to file a supplemental fee application for work performed after April 30, 2014 which, according to Plaintiffs, "includes (1) a substantial portion of the work Plaintiffs did to prepare the Initial Fee Motion; (2) all work done in connection with the Village's appeal to the Second Circuit . . . and (3) the work done in connection with briefing the remanded disparate impact issues to this Court." *See* Plaintiffs' Memorandum of Law in Support of Motion to Consider and Decide Plaintiffs' Fully Briefed Motion for Attorneys' Fees and Costs and Extend the Time for any Supplemental Motion for Fees, dated December 8, 2017 ("Plaintiffs' Memo"), at p. 9.

Plaintiffs' motion should be denied. The amount of attorneys' fees to be awarded in this matter, if any, should not be determined in the two-step process proposed by Plaintiffs, wherein Plaintiffs request that the Court render a decision on its Initial Fee Motion (in which Plaintiffs ask that this Court award them over $5.5 million in fees and costs for work performed through April 30, 2014) and then subsequently decide a wholly *separate* application for additional fees and costs running from May 1, 2014 through the present. This is a blatant attempt by Plaintiffs to downplay the exorbitant amount of attorneys' fees they seek from the Village, and to secure a portion of these fees from the Court prior to disclosing the entire amount being sought.

## PROCEDURAL HISTORY OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

As set forth in Plaintiffs' Memo, Plaintiffs filed their Initial Fee Motion on April 22, 2014. Plaintiffs initially requested fees and costs totaling $5,639,692.97. *See* Notice of Motion for Attorneys' Fees and Costs (Docket Entry 438), at p. 2. The Village opposed Plaintiffs' motion on several grounds. The Village also retained Judith Bronsther as an attorneys' fees expert. *See generally* the Village's Memorandum in Opposition to Plaintiffs' Application for Attorneys' Fees and Costs, dated July 2, 2014 (Docket Entry 453). Ms. Bronsther conducted a thorough review of Plaintiffs' billing records, culling entries that, for example, related to unsuccessful claims and issues, involved unnecessary or non-compensable work, demonstrated overstaffing, excessive, redundant and duplicative work, or deviated from acceptable billing patterns and practices (i.e. block billing, lack of detail, different time entries for multiple attorneys attending the same conference). *See id.* at 10-24. Ms. Bronsther concluded, as a result of her analysis, that Plaintiffs should be awarded, at most, $2,319,124.11. *See id.* at 1. Plaintiffs claim they then took into account some of Ms. Bronsther's criticisms, lowering their demand for fees by a mere $71,575.75, to $5,568,117.22. *See* Reply Declaration of Benjamin A. Fleming in Further Support of Plaintiffs' Motion for Attorneys' Fees and Costs, dated September 3, 2014 (Docket Entry 464), at p. 9.

Along with opposing Plaintiffs' motion, the Village moved to defer a determination on the Initial Fee Motion until after the Second Circuit rendered its decision on the Village's appeal, in part, due to the "interests of judicial economy and efficiency." Village's Memorandum in Support of their Motion to Defer a Ruling on Plaintiffs' Motion for Attorneys' Fees, dated July 2, 2014 (Docket Entry 455) (citing *Zomber v. Stolz*, 09-cv-4637, 2012 U.S. Dist. LEXIS 15742,

at *2 (E.D.N.Y. Jan. 26, 2012)). Plaintiffs opposed this motion, arguing that deferring a ruling "burdens the Court with having to revisit the litigation potentially years after its involvement with the case will have otherwise ended." Plaintiffs' Memorandum in Opposition to Defendants' Motion to Defer a Ruling on Plaintiffs' Motion for Attorneys' Fees, dated August 25, 2014 (Docket Entry 461), at p. 2. Moreover, Plaintiffs stated that "proximity of a fee ruling to trial is a safeguard that permits the Court to determine fees as close in possible in time to when the work was performed and the Court was actively involved in the matter." *Id.* at 3. Finally, Plaintiffs argued they would be prejudiced by any delay in a ruling on attorneys' fees. *Id.* The Court granted the Village's motion, deferring ruling on plaintiffs' motion for attorneys' fees until after the Second Circuit rendered a decision on the appeal of the Final Judgment dated April 22, 2014 and denied the Plaintiffs' motion for attorneys' fees without prejudice to renew fourteen days after a ruling on the merits of the appeals (both the Village's and Plaintiffs' appeal of the Court's granting of summary judgment against Nassau County) was entered by the Second Circuit. *See* Short Order dated September 11, 2014 (Docket Entry 468).

After the Second Circuit rendered a decision on the appeals, remanding back to the District Court the issue of disparate impact against the Village, along with Plaintiffs' unrelated "steering" claims against Nassau County, Plaintiffs, by letter to the Court, requested clarification on when it should renew its motion for attorneys' fees. Letter from Stanley J. Brown to Hon. Arthur D. Spatt dated Mar. 31, 2016 (Docket Entry 482). In response, the Village argued that any motion for attorneys' fees should not be made until the Court made a determination on the remanded issues. Letter from James G. Ryan to Hon. Arthur D. Spatt dated Apr. 1, 2016 (Docket Entry 483). The Court agreed with Defendants and clarified its September 11, 2014 Order to

"allow Plaintiffs to renew their motion for attorneys' fees within fourteen days after the conclusion of the remanded proceedings." *See* Docket Entry 484.

The Court affirmed its finding against the Village on the issue of disparate impact on September 19, 2017. Memorandum Decision & Order, dated September 19, 2017 (Docket Entry 550). On November 30, 2017, the Court entered a Partial Final Judgment against the Village at the request of Plaintiffs. Partial Final Judgment (Docket Entry 561). Plaintiffs now make this motion to effectively bifurcate the Court's determination on attorneys' fees, requesting that the Court render a decision on the Initial Fee Motion on the papers previously submitted with leave to allow Plaintiffs to file a *second* motion for attorneys' fees and costs incurred after April 30, 2014 thirty (30) days after a decision on the Initial Fee Motion is rendered. For the reasons set forth herein, Plaintiffs' request should be denied.

## ARGUMENT

## POINT I

### PLAINTIFFS' REQUEST IS AN ATTEMPT TO DOWNPLAY THE EXTRAORDINARY AMOUNT OF ATTORNEYS' FEES THEY SEEK FOR THIS MATTER

Plaintiffs ask that the Court determine whether Plaintiffs are entitled to $5,568,117.22 in fees and costs pursuant to the Initial Fee Motion covering the years of litigation 2005 through April 30, 2014 prior to filing another motion for fees incurred over the past three and a half years. Essentially, Plaintiffs want the Court to decide whether they are entitled to over $5 million in fees for work incurred on this matter before either the Court or the Village is able to learn the amount of attorneys' fees that Plaintiffs will be seeking for work performed after April 30, 2014, which they describe as:

> (1) a substantial portion of the work Plaintiffs did to prepare the Initial Fee Motion; (2) all work done in connection with the Village's appeal to the Second Circuit (including briefing, argument, and fending off a petition for panel rehearing or rehearing *en banc*);

and (3) the work done in connection with briefing the remanded disparate impact issues to this Court.

*See* Plaintiffs' Memo, at p. 9. There is simply no reason why the Plaintiffs cannot submit their application for these fees now so that the Village's expert can evaluate their claims in toto and an appropriate response can be submitted to the Court along with the Village's response to the Initial Fee Motion.

Instead, it would seem that Plaintiffs are requesting that the Court render a decision on its Initial Fee Motion before exposing the overall sum that Plaintiffs will be seeking in attorneys' fees. Rather than ask that the Court grant Plaintiffs, for example, what could now be a total of $7-8 million in attorneys' fees (if one were to assume the same proportionate fees will be sought since April 30, 2014), Plaintiffs prefer to present their excessive requests in piecemeal fashion, in an attempt to receive an award of fees and costs while at the same time maintaining a shroud over the full amount that Plaintiffs will be ultimately seeking.

Ironically, while Plaintiffs had once argued that a motion for fees and costs should be decided as close in temporal proximity to the work performed as possible, Plaintiffs now argue that there is a benefit to delaying the filing of a motion regarding a whole portion of the fees and costs that Plaintiffs believe they are owed. The reason for this is simple: they do not want to expose the entirety of their attorneys' fees and costs request until a portion of those fees and costs have already been awarded by the Court.

Plaintiffs' request that this Court render a decision on the Initial Fee Motion prior to the submission of a motion for subsequent fees and costs incurred should not be granted. Plaintiffs should not be permitted to hide the full amount of attorneys' fees and costs under the guise that a Court decision on the Initial Fee Motion will provide them with guidance on a subsequent

motion. Rather, Plaintiffs should be required to file a supplemental motion for fees incurred since April 30, 2014 prior to this Court rendering a decision on the Initial Fee Motion.

## POINT II

## PLAINTIFFS' REQUEST FOR THE COURT TO RENDER A DECISION ON THE INITIAL FEE MOTION AND THEN DECIDE A SUBSEQUENT FEE MOTION IS A WASTE OF JUDICIAL RESOURCES

In their motion, Plaintiffs request that the Court render decisions on two separate fee applications, rather than deciding one motion for all the fees and costs requested by Plaintiffs from the Village at the same time. Plaintiffs thus are asking this Court to expend its scarce resources and time on *two* fee motions, rather than combining the Initial Fee Motion with a supplemental petition for fees incurred since April 30, 2014. This is inefficient and a waste of judicial resources.

While the Plaintiffs argue that having the Court decide attorneys' fees in a two-step process would be beneficial because it would provide the parties with a "roadmap" for a supplemental fee motion in the future, this simply does not make sense. While Plaintiffs contend that certain "disputes" will carry over to a supplemental petition, if the Court were to decide both the Initial Fee Motion and a supplemental fee request at the same time, it can deal with those issues accordingly and efficiently.

The Court's determination on such arguments raised by the Village in its opposition to the Initial Fee Motion—such as Plaintiffs' status as a prevailing party—have no impact on any supplemental fee motion to be filed by Plaintiffs. Plaintiffs do not need the Court to render a decision on these issues to file a supplemental fee petition. Additionally, as these arguments have already been raised as part of the Village's opposition to the Initial Fee Motion, there would be no need for the Village to again make the same arguments with regard to a supplemental fee

petition being decided at the same time as the Initial Fee Motion. The Village will need to analyze any new billing records submitted by Plaintiffs for the same issues as Plaintiffs' previously submitted bills—but this work would be done regardless of whether the Court has rendered a decision on the Initial Fee Motion.

That is, while Plaintiffs seem to suggest that, if the Court were to determine the Initial Fee Motion prior to Plaintiffs' filing of a second fee motion, that the parties could then work out a "consensual supplemental application" for the Court's consideration, this is not a likely prospect. Even in the event the Court granted Plaintiffs' Initial Fee Motion prior to the submission of Plaintiffs' second fee motion, the Village's expert will still need to conduct a thorough analysis of over three and a half years of Plaintiffs' most recent billing records to determine whether Plaintiffs have again included, among other things, inappropriate billing entries and billing entries utilizing improper methods. This is a highly fact-specific inquiry, and thus the Court would not be able to simply "rubber stamp" a second fee motion after making a determination on the Initial Fee Motion. Rather, if the Court determines that Plaintiffs are entitled to attorneys' fees at all pursuant to the Initial Fee Motion, the Court would again have to assess the demand made by Plaintiffs in a second motion in light of any analysis offered by Ms. Bronsther, and again render a decision as to a reasonable amount to be awarded to Plaintiffs based upon the facts presented. After twelve years, a trial that spanned three weeks, and ongoing litigation that continues against Nassau County, requesting the Court to take such action demonstrates a disregard of the Court's time and resources.

Accordingly. there is no reason the Court should render a decision on the Initial Fee Motion before Plaintiffs submit a supplemental fee motion. Plaintiffs' requested relief is merely

a request to incur more of the Court's resources, in a matter that has already spanned twelve years, and continues against Nassau County.

## POINT III

## DELAYING THE DETERMINATION OF FEES IS PREJUDICIAL TO THE VILLAGE BECAUSE IT ALLOWS INTEREST TO KEEP ACCRUING

Plaintiffs' motion requesting that the Court allow them to file a supplemental fee petition thirty days *after* a decision on the Initial Fee Motion is rendered is prejudicial to the Village, in that it will further delay a resolution of the attorneys' fees issue against the Village and allow more interest to accrue against the Village. The Partial Final Judgment makes clear that this matter is now resolved as against the Village. There is no reason why there should continue to be delay with regard to attorneys' fees and costs, delay that only permits interest to mount.

As previously discussed, in opposing the Village's Motion to Defer a Ruling on Attorneys' Fees, Plaintiffs repeatedly stressed that to delay a decision on fees and costs was prejudicial to them because of the work performed over the course of a decade, and they asserted that fees and costs should be determined as soon after the work is performed as possible. Plaintiffs' Memorandum in Opposition to Defendants' Motion to Defer a Ruling on Plaintiffs' Motion for Attorneys' Fees, dated August 25, 2014 (Docket Entry 461), at p. 2-3. However, now, Plaintiffs seek to delay a decision on attorneys' fees and costs incurred since April 30, 2014, until the Court is able to decide the Initial Fee Motion. There is no explanation for this change in position other than, as discussed above, Plaintiffs' clear intent to hide the full amount of fees and costs they will be seeking by having the Court render piecemeal decisions. The Village should not be prejudiced by Plaintiffs' attempt to cause delay in this matter. Accordingly, Plaintiffs should be required to file a supplemental fee motion to be decided contemporaneously with the Initial Fee Motion.

## CONCLUSION

Plaintiffs' motion should be denied in its entirety, as requiring the Court to determine attorneys' fees and costs as two separate motions is a waste of judicial resources, allows further interest to mount, and reflects Plaintiffs' desire to obtain a decision on a portion of its requested attorneys' fees and costs while not disclosing the full amount they will be seeking in this matter.

Dated: Garden City, New York
December 22, 2017

CULLEN AND DYKMAN LLP

By: _____
James G. Ryan
*Attorneys for Defendants Incorporated Village of Garden City and Garden City Board of Trustees*
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

OF COUNSEL:
Jennifer A. McLaughlin
Ariel E. Ronneburger

9