**FILED
CLERK**

2:28 pm, Jan 23, 2018

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MHANY MANAGEMENT, INC.,

                      Plaintiff,

     -and-

NEW YORK COMMUNITIES FOR CHANGE, INC.,

                      Intervenor-Plaintiff,

     -against-

COUNTY OF NASSAU, INCORPORATED VILLAGE OF GARDEN CITY, and GARDEN CITY BOARD OF TRUSTEES,

                      Defendants.
-----------------------------------------------------------X

**ORDER**
05-cv-2301 (ADS)(ARL)

**APPEARANCES:**
**Hogan Lovells LLP**
*Co-Counsel for the Plaintiffs*
875 Third Ave
New York, NY 10022
        By:    Stanley J. Brown, Esq.
                 Ira M. Feinberg, Esq.,
                 Chava Brandriss, Esq.,
                 Benjamin A. Fleming, Esq., Of Counsel

**Law Offices of Frederick K. Brewington**
*Co-Counsel for the Plaintiffs*
556 Peninsula Boulevard
Hempstead, NY 11550
        By:    Frederick K. Brewington, Esq., Of Counsel

1

**Lawyers' Committee for Civil Rights Under Law**
*Co-Counsel for the Plaintiffs*
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
     By:    Joseph D. Rich, Esq.,
               Thomas Silverstein, Esq., Of Counsel

**Cullen and Dykman, LLP**
*Attorneys for the Defendants Incorporated Village Of Garden City, And Garden City Board Of Trustees*
100 Quentin Roosevelt Blvd.
Garden City, NY 11530
     By:    Douglas J. Bohn, Esq.,
               James G. Ryan, Esq.,
               Jennifer A. McLaughlin, Esq., Of Counsel

**Nassau County Attorney's Office**
*Corporation Counsel for the Defendant County of Nassau*
One West Street
Mineola, NY 11501
     By:    Ralph J. Reissman, Esq., Of Counsel

**SPATT, District Judge**:

On November 30, 2017, the Court entered partial final judgment against the Defendants the Incorporated Village of Garden City, and the Garden City Board of Trustees (collectively, "Garden City").

On December 8, 2017, the Plaintiffs MHANY Management, Inc., and New York Communities for Change, Inc. (collectively, the "Plaintiffs") filed a motion for "initial" attorneys' fees. That is, a motion for attorneys' fees that were incurred by the Plaintiffs' attorneys through April 30, 2014 (the "motion for initial attorneys' fees"). The motion for initial attorneys' fees has been fully briefed by both parties since September 3, 2014. The Plaintiffs request that the Court rule on the motion for initial attorneys' fees, and defer the Plaintiffs' deadline to file a supplemental fee motion for those fees incurred after April 30, 2014 (the

"supplemental motion for attorneys' fees") until 30 days after the Court rules on the initial fee motion.

Garden City opposes the Plaintiffs' request, arguing that deciding two separate motions for attorneys' fees would be waste of judicial resources; would allow further interest to accrue; and "is an attempt to downplay the extraordinary amount of attorneys' fees [] [sought] for this matter." (Defs.' Mem. in Opp. to Pl.'s Mot. for Attorneys' Fees at 4 (ECF No. 568)). In response to Garden City's final contention, the Plaintiffs represent that they "estimate that the total fees sought in a supplemental application . . . will be in the vicinity of $1.5 to $2 million." (Pl.'s Reply Mem. in Supp. of Mot. for Attorneys' Fees at 2 (ECF No. 569)). Garden City asks that the supplemental motion for attorneys' fees be filed before the Court decides the motion for initial attorneys' fees. The Court agrees with Garden City.

The Court sees no reason as to why it should waste judicial resources and consider two separate motions for attorneys' fees months apart. Therefore, the Plaintiff's request for consideration of the motion for initial attorneys' fees before the filing of the motion for supplement attorneys' fees is denied. The Court will decide the motions together. Accordingly, the Plaintiffs are directed to file a motion for *all* attorneys' fees incurred in the prosecution of the case against Garden City. The Plaintiffs need not file consolidated briefs. Instead, the Plaintiffs may file a motion for supplemental attorneys' fees, and renew their motion for initial attorneys' fees, which has already been fully briefed.

The parties are directed to file a proposed schedule for the briefings of the motion for supplemental attorneys' fees. The Clerk of the Court is respectfully directed to terminate the motion for initial attorneys' fees. (ECF No. 562). The Plaintiffs are granted leave to renew their motion for initial attorneys' fees when they file their motion for supplemental attorneys' fees.

3

**SO ORDERED.**

Dated: Central Islip, New York

January 23, 2018

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge